412 So.2d 432 (1982)
Saverio PETRULLI and Janie M. Petrulli, His Wife, Appellants,
v.
Dorothy CASTELLANO, Individually and As Personal Representative of the Estate of John F. Castellano, Appellee.
No. 81-599.
District Court of Appeal of Florida, Fourth District.
April 14, 1982.
*433 Gary R. Marlin of M.S. Marlin, P.A., Coral Gables, for appellants.
Angeline G. Weir, Hollywood, for appellee.
LETTS, Chief Judge.
This appeal arises from the award of an attorney's fee to a borrower who successfully defended a mortgage foreclosure action. We reverse.
The promissory note secured by the mortgage provided for a reasonable attorney's fee to be awarded to the lender "in the event suit shall be brought for the collection hereof." For reasons which are not necessary to our conclusion, summary judgment was entered in favor of the borrower and later attorney's fees were also awarded to the borrower's attorney "just as a matter of equity, good conscience and mutuality."
We cannot agree with this conclusion. The request for attorney's fees was not made under Section 57.105, Florida Statutes (1981), but solely on the ground that the borrower had "prevailed."[1] However, this is not a question of the prevailing party being entitled to attorney's fees. It is a simple contractual provision allowing only the lender to obtain a reasonable attorney's fee if he successfully forecloses. We see nothing wrong with that and disagree with the mutuality of remedy premise. Attorney's fees are in derogation of the common law, Great American Indemnity Company v. Williams, 85 So.2d 619 (Fla. 1956), and by analogy were not normally obtainable in landlord tenant cases prior to the adoption of Section 83.48, Florida Statutes (1981), which provides:
If a rental agreement contains a provision allowing attorney's fees to the landlord when he is required to take any action to enforce the rental agreement, the court may also allow reasonable attorney's fees to the tenant when he prevails... . [See Guthartz v. Lewis, 408 So.2d 600 (Fla. 3d DCA 1981)]
A promissory note is just as much a contract as a rental agreement. In consequence, in the absence of a statute, we will not rewrite contracts unless they are unconscionable or against public policy, neither of which is so in this instance.
REVERSED.
BERANEK and GLICKSTEIN, JJ., concur.
NOTES
[1] The borrower claims on appeal that the lender's refusal to permit the payments to be brought current was arbitrary, but we see nothing whatever to support a claim of a complete absence of a justiciable issue under Section 57.105 nor did the judge base the award on this premise.