558 So.2d 48 (1990)
COMPLETE INTERIORS, INC., Appellant,
v.
Thomas BEHAN, et al., Appellees.
No. 88-922.
District Court of Appeal of Florida, Fifth District.
January 4, 1990.
Rehearing Denied March 16, 1990.
*49 Ladd H. Fassett and Robert W. Anthony, of Smathers, Pleus, Adams, Fassett & Divine, P.A., Orlando, for appellant.
William M. Rishoi and Philip J. Snyderburn, Winter Park, for appellees.

ON MOTION FOR REHEARING AND CLARIFICATION
DANIEL, Chief Judge.
We grant the motion for rehearing and clarification, withdraw the prior opinion and substitute the following in its place.[1]
Complete Interiors, Inc., appeals a final judgment which confirmed an arbitration award in favor of appellees Thomas Behan, Carol Behan and Kevin Behan and which awarded appellees attorney's fees. Complete argues that the trial court erred in confirming the arbitrator's award of punitive damages and in awarding attorney's fees. We agree and accordingly reverse those portions of the final judgment. In all other respects, the final judgment is affirmed.[2]
*50 In 1983, Complete, a construction company, entered into an agreement with Thomas and Carol Behan for the construction of their home. Disputes later arose as to defects in the house and Complete's warranty obligations. Complete filed suit against the Behans seeking a judgment declaring what items Complete was obligated to repair under the terms of its warranty. In a separate action, the Behans, along with several other homeowners, including Kevin Behan, Thomas' brother, filed suit against Complete seeking damages for breach of contract, breach of warranty and negligent workmanship in the construction of their homes. The claims of the appellees were consolidated and tried together.
Complete later moved the trial court for an order requiring arbitration of the parties' disputes based on an arbitration provision in the agreements. The motion was granted and the action was abated pending arbitration.
The arbitrator awarded Thomas and Carol Behan compensatory damages of $28,718.83 and prejudgment interest of $14,379.87 for a total award of $43,098.70. The arbitrator awarded Kevin Behan compensatory damages in the amount of $9,047.83 and prejudgment interest of $4,393.52 for a total award of $13,441.35. The arbitrator also ordered Complete to pay the appellees punitive damages in the amount of one and one-half times their respective compensatory damage awards. The trial court entered its final judgment and order confirming the compensatory and punitive damage awards. The court also ordered Complete to pay the attorney's fees of the appellees.
On appeal, Complete argues that the trial court erred in confirming the arbitration award of punitive damages. Initially we note that the scope of review of arbitration awards is extremely limited so as to avoid a "judicialization" of the arbitration process. See E.I. Du Pont de Nemours and Co. v. Grasselli Employees Association, 790 F.2d 611 (7th Cir.1986), cert. denied, 479 U.S. 853, 107 S.Ct. 186, 93 L.Ed.2d 120 (1986). Arbitration is an alternative to the court system and limited review is necessary to prevent arbitration from becoming merely an added preliminary step to judicial resolution rather than a true alternative. Id. at 614. See also District School Board of St. Johns County v. Timoney, 524 So.2d 1129 (Fla. 5th DCA 1988).
Section 682.13(1), Florida Statutes (1987) sets forth the grounds for vacating an award in arbitration:
Vacating an award. 
(1) Upon application of a party, the court shall vacate an award when:
(a) The award was procured by corruption, fraud or other undue means.
(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party.
(c) The arbitrators or the umpire in the course of his jurisdiction exceeded their powers.

(d) The arbitrators or the umpire in the course of his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provision of s. 682.06, as to prejudice substantially the rights of a party.
(e) There was no agreement or provision for arbitration subject to this law, unless the matter was determined in proceedings under s. 682.03 and unless the party participated in the arbitration hearing without raising the objection.
But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award. (emphasis added).
In Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla. 1989), the Florida Supreme Court held that an arbitrator exceeds his power when he or she goes beyond the authority granted by the parties or the operative documents and decides an issue not pertinent to the resolution of *51 the issues submitted to arbitration. We conclude that the parties' agreement here did not provide for an award of punitive damages and accordingly the arbitrator exceeded his power.
The agreements between Complete and the Behans[3] contain the following provision regarding arbitration:
Any dispute or difference arising under this contract shall be arbitrated by the rules and regulations of the American Arbitration Association who shall appoint the arbitrators. The decision of the arbitrators shall be binding and conclusive upon both of the parties hereto and each party is to pay equally for the arbitrator's expense.
We recognize that some courts have held that similar arbitration clauses evince an intent on the part of the parties to vest the arbitrators with authority to decide virtually any claim that could arise in relation to the contract and its performance and is broad enough to empower the arbitrators to award punitive damages. See, e.g., Bonar v. Dean Witter Reynolds, Inc., 835 F.2d 1378 (11th Cir.1988); Ehrich v. A.G. Edwards & Sons, Inc., 675 F. Supp. 559 (D.S.D. 1987); Willoughby Roofing & Supply v. Kajima International, Inc., 598 F. Supp. 353 (N.D.Ala. 1984), aff'd, 776 F.2d 269 (11th Cir.1985).
However, we conclude that the better view is that punitive damages may not be awarded by an arbitrator absent an express provision authorizing such relief in the arbitration agreement or pursuant to a stipulated submission. See Baltimore Regional Joint Bd. v. Webster Clothes, Inc., 596 F.2d 95 (4th Cir.1979); Kennewick Educ. Ass'n. v. Kennewick Sch. District, 35 Wash. App. 280, 666 P.2d 928 (1983); International Union of Operating Engineers v. Mid-Valley, Inc., 347 F. Supp. 1104 (S.D. Tex. 1972). As the court in Mid-Valley explained:
Contracting parties do not normally agree to assess exemplary damages for a breach of contract. Such damages being punitive in nature are rare in contract law. Contractual consent to so drastic a `remedy' for simple breach cannot be implied. Therefore, an arbitrator's assessment of punitive damages must be grounded in express language. In this case, neither the contract clause nor the simple question submitted suggest authority for exemplary damages.
347 F. Supp. at 1109.
Complete also contends that the appellees were not entitled to attorney's fees. Attorney's fees generally cannot be taxed as costs in any cause, including arbitration proceedings, absent contractual or legislative authority. Buena Vista Construction Company v. Carpenters Local Union, 472 So.2d 1356 (Fla. 5th DCA 1985); Beach Resorts International v. Clarmac Marine Construction Co., 339 So.2d 689 (Fla.2d DCA 1976). The Florida Arbitration Code does not authorize attorney's fees. § 682.11, Fla. Stat. (1983); Buena Vista Construction Company; Cuevas v. Potamkin Dodge, Inc., 455 So.2d 398 (Fla. 3d DCA 1984); Beach Resorts International. Thus we must look to the parties' contracts. Here the agreements contained the following provision regarding attorney's fees:
PURCHASER agrees to fully reimburse SELLER for reasonable attorney's fees, arbitration fees, court costs and any other fees and costs incurred by SELLER in enforcing in any court or arbitration proceeding any of the obligations as to which PURCHASER may be in default under this contract.
The court below found that this provision was unreasonable and unconscionable. The court also found that it was a common practice for a contracting party with a clearly superior bargaining position, such as Complete, to place one-sided cost provisions in its standard form contracts when dealing with consumers. The court held that such adhesion contracts should be conformed to provide a mutual remedy for *52 middle class consumers such as the appellees.
In support of its ruling, the court cited Clone, Inc. v. Orr, 476 So.2d 1300 (Fla. 5th DCA 1985) and Ocean Dunes of Hutchinson Island Development Corporation v. Colangelo, 463 So.2d 437 (Fla. 4th DCA 1985). In these cases, developers had defaulted on their obligations to convey specific condominium units to the purchasers. When the purchasers sought specific performance and damages, the developers relied on provisions in their contracts which purported to limit their liability or limit the purchaser's remedy to the return of the purchaser's deposit. The courts noted that parties to a contract may agree to limit their respective remedies, that those remedies need not be the same and that limitation of remedy provisions in a contract, where the limitation is mutual, unequivocal and reasonable, will be upheld. In both cases, however, the default provisions, as construed by the developers, were found to be unreasonable and unconscionable:
To use the colloquialism of the trial judge, "Sauce for the goose is sauce for the gander." The parties can stipulate to different kinds of "sauces," but both parties must have genuine, not illusory, obligations. The relative "remedies" provided in this contract to the buyer vis-a-vis the developer are neither mutual nor reasonable.
Ocean Dunes, 463 So.2d at 440.
These cases, however, do not involve awards of attorney's fees. In Petrulli v. Castellano, 412 So.2d 432 (Fla. 4th DCA 1982), a borrower successfully defended a mortgage foreclosure action. The trial court awarded the borrower attorney's fees as a matter of "equity, good conscience and mutuality." The promissory note secured by the mortgage, however, provided for a reasonable attorney's fee to be awarded only to the lender in the event suit was brought for collection of the note. On appeal, the fourth district reversed the award of attorney's fees to the borrower, explaining as follows:
The request for attorney's fees was not made under Section 57.105, Florida Statutes (1981), but solely on the ground that the borrower had "prevailed." However, this is not a question of the prevailing party being entitled to attorney's fees. It is a simple contractual provision allowing only the lender to obtain a reasonable attorney's fee if he successfully forecloses. We see nothing wrong with that and disagree with the mutuality of remedy premise. Attorney's fees are in derogation of the common law, Great American Indemnity Company v. Williams, 85 So.2d 619 (Fla. 1956), and by analogy were not normally obtainable in landlord tenant cases prior to the adoption of Section 83.48, Florida Statutes (1981), which provides:
If a rental agreement contains a provision allowing attorney's fees to the landlord, when he is required to take any action to enforce the rental agreement, the court may also allow reasonable attorney's fees to the tenant when he prevails....
A promissory note is just as much a contract as a rental agreement. In consequence, in the absence of a statute, we will not rewrite contracts unless they are unconscionable or against public policy, neither of which is so in this instance. (footnote omitted)
412 So.2d at 433.
The appellees argue that the trial court was correct in finding that the attorney's fee provision here was unconscionable. To prevail in an unconscionability action, a party must generally show both substantive and procedural unconscionability. Fotomat Corporation of Florida v. Chanda, 464 So.2d 626 (Fla. 5th DCA 1985). Substantive unconscionability generally can be established by alleging and proving that the terms of a contract are onerous, unreasonable or unfair. Procedural unconscionability speaks to the individualized circumstances surrounding each contracting party at the time the contract was executed. The courts will consider the manner in which a particular contracting party's age, education, intelligence, financial position, business experience and other factors affected that party's bargaining position and whether such factors permitted the party to have a meaningful choice in the contract. Id.
*53 In Garrett v. Janiewski, 480 So.2d 1324 (Fla. 4th DCA 1985), the court noted that the question of unconscionability is one of law for the court but that the court's decision will be based on the factual circumstances surrounding the transaction in question. Here, the appellees did not adduce any evidence concerning the various factors that a court must consider in ruling on the question of unconscionability. At the hearing below, counsel for the appellees referred to the value of Complete as reported in several magazine and newspaper articles in seeking to increase the award of punitive damages. However, there was no evidence concerning any of the other factors and nothing to show an absence of meaningful choice. Thus there was no evidence from which the trial court could determine unconscionability. Accordingly, the award of attorney's fees must be reversed.[4]
Finally, we believe that any public policy arguments should be addressed to the Legislature. We note parenthetically that the Legislature has amended section 57.105 to provide that if a party prevails in an action based on a contract which contains a provision entitling the other party to collect attorney's fees, the prevailing party may be entitled to reasonable attorney's fees.[5] This law took effect October 1, 1988, and applies to all contracts entered into on or after that date. Here, the contract containing the one-sided attorney's fees provision was entered into by the parties in 1983 and thus the statute is inapplicable.
AFFIRMED in part; REVERSED in part; and REMANDED.
COWART, J., and ORFINGER, Judge, Retired, concur.
NOTES
[1] A motion for rehearing en banc has been denied by the court.
[2] In addition to these points, Complete argues that the appellees were not entitled to prejudgment interest. We disagree. See Argonaut Insurance Company v. May Plumbing Company, 474 So.2d 212 (Fla. 1985).
[3] The investment agreement with Kevin Behan provides for arbitration "[i]f the Seller and Purchaser mutually agree....". In all other respects, the provision is identical to that found in the Behans' agreement.
[4] Since the appellees failed to introduce evidence in regard to this issue, they are not entitled to a "second bite at the apple" in the form of an evidentiary hearing on remand. See Florida Power and Light v. Flichtbeil, 513 So.2d 1078 (Fla. 5th DCA 1987).
[5] Chapter 88-160, Laws of Florida.