608 So.2d 860 (1992)
VALUE CAR SALES, INC., Paydays of Orlando, Inc., and Fidelity and Deposit Company of Maryland, Appellants,
v.
Lori Ann BOUTON, Appellee.
No. 92-519.
District Court of Appeal of Florida, Fifth District.
October 16, 1992.
Rehearing Denied December 1, 1992.
*861 Ronald L. Harrop of Gurney & Handley, P.A., Orlando, and Richard E. Dunegan of Dunegan & Associates, P.A., Orlando, for appellants.
J. Gordon Blau of J. Gordon Blau, P.A., Orlando, for appellee.
COWART, Judge.
The agreement between a used car seller (appellant) and the purchaser (appellee) contained an arbitration clause. After a dispute between the parties, the purchaser filed an action at law asserting breach of contract, fraud, unfair trade practices (§ 501.201, et seq., Fla. Stat.), conversion, wrongful repossession and civil theft. The trial court denied the seller's motion to enforce arbitration, finding that while there was no issue but that the purchaser had signed the contract containing the arbitration provision, the arbitration provision unlawfully restricted the purchaser's access to the courts and lacked mutuality of obligation, and that the seller was not entitled to arbitration as to the issues in the law action. We reverse.
Section 682.02, Florida Statutes, provides that parties may agree in a written contract to settle by arbitration any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole, or any part thereof. Such arbitration agreements do not deny access to the courts because the parties agreeing to arbitration have waived that right by agreeing to arbitration in lieu of litigation. While it has been said that such arbitration agreements must have mutuality of obligation, in the nature of the contracts, the impact of an arbitration agreement falls upon the parties differently because each party has different rights and obligations under every contract. The plaintiff's claim for breach of contract, conversion, wrongful repossession and civil theft are subject to arbitration.[1] We find no Florida cases specifically holding that claims under the Florida Deceptive and Unfair Trade Practices Act (§ 501.201, et seq., Fla. Stat.) are not subject to arbitration. The First District Court of Appeal in Physicians Weight Loss Centers v. Payne, 461 So.2d 977 (Fla. 1st DCA 1984) implied that claims under the Florida Deceptive and Unfair Trade Practices Act are subject to arbitration. But see contrary dicta from the Third District in Consolidated Labor Union Trust v. Clark, 498 So.2d 547 (Fla. 3d DCA 1986) (considering beneficiary's right to attorney's fees under Employee Retirement Income Security Act).
We reverse the order denying enforcement of arbitration and remand with directions to grant that motion.
ORDER DENYING MOTION REVERSED; REMANDED WITH DIRECTIONS TO GRANT MOTION.
COBB and HARRIS, JJ., concur.
NOTES
[1] Disputes over punitive damages are not an appropriate subject for arbitration absent an express provision authorizing such relief. Complete Interiors, Inc. v. Behan, 558 So.2d 48 (Fla. 5th DCA 1990), rev. denied, 570 So.2d 1303 (Fla. 1990).