918 So.2d 333 (2005)
Joel E. LACEY, as Personal Representative of the Estate of Jessie E. Lacey, deceased, Appellant,
v.
HEALTHCARE AND RETIREMENT CORPORATION OF AMERICA, authorized to operate Heartland Health Care CenterBoynton Beach d/b/a Heartland of Boynton Beach, Appellee.
No. 4D04-4450.
District Court of Appeal of Florida, Fourth District.
November 30, 2005.
Rehearing Denied February 9, 2006.
*334 Rebecca Mercier-Vargas and Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, and Casey D. Shomo, Roca & Sharpe, P.A., West Palm Beach, for appellant.
Christopher B. Hopkins and Allison S. Miller-Bernstein of Cole, Scott & Kissane, P.A., West Palm Beach, for appellee.
TAYLOR, J.
Joel E. Lacey appeals an order compelling arbitration of this nursing home case. We conclude that the trial court erred in ordering arbitration, because this arbitration agreement violates public policy by defeating the purposes of Florida's remedial Nursing Home Resident's Act (NHRA). See § 400.0060 et seq., Fla. Stat. (2004).
The arbitration agreement in this case is identical to the agreement which this court found unconscionable and violative of public policy in Romano v. Manor Care, Inc., 861 So.2d 59 (Fla. 4th DCA 2003). Most notably, it contains a $250,000 cap on non-economic damages and a waiver of punitive damages.
"A remedial statute is designed to correct an existing law, redress an existing grievance, or introduce regulations conducive to the public good. It is also defined as [a] statute giving a party a mode of remedy for a wrong, where he had none, or a different one, before." Fonte v. AT & T Wireless Servs., Inc., 903 So.2d 1019, 1024 (Fla. 4th DCA 2005) (quoting Adams v. Wright, 403 So.2d 391, 394 (Fla.1981)). The NHRA is clearly remedial. Blankfeld v. Richmond Health Care, Inc., 902 So.2d 296 (Fla. 4th DCA 2005) (en banc); Romano, 861 So.2d at 62. It provides for both compensatory and punitive damages for violations of the Act. § 400.023, Fla. Stat. (2004).
To the extent that a contractual limitation defeats the purpose of a remedial statute, the limitation may be found void as a matter of law. VoiceStream Wireless Corp. v. U.S. Commc'ns, Inc., 912 So.2d 34 (Fla. 4th DCA 2005). In Blankfeld, this court was presented with a nursing home arbitration agreement which purported to eliminate recovery for negligence. This court stated:
If nursing home residents had to arbitrate under the NHLA rules, some of the remedies provided in the legislation would be substantially affected and, for all intents and purposes, eliminated. The provision requiring arbitration under those rules is accordingly contrary to the public policy behind the statute and therefore void.
Blankfeld, 902 So.2d at 298. Likewise, the Heartland arbitration agreement eliminates punitive damages, which are expressly provided for in the Act. It also caps non-economic damages at $250,000, which would seem to substantially affect the compensatory damage remedy. These provisions are thus void under the public policy rationale utilized in this district. But see Rollins, Inc. v. Lighthouse Bay Holdings, Ltd., 898 So.2d 86 (Fla. 2d DCA 2005), rev. den'd, 908 So.2d 1057 (Fla.2005); Orkin Exterminating Co., Inc. v. Petsch, 872 So.2d 259 (Fla. 2d DCA 2004).
*335 In VoiceStream Wireless, 912 So.2d at 34, the trial court found the arbitration agreement unconscionable. The agreement contained a damages limitation, a provision excluding any right to appeal, and a severability clause. This court utilized the severability clause, finding both the damages limitation and the appeal waiver unenforceable, while enforcing the remaining arbitration agreement.
Likewise in Fonte, the agreement barred attorney's fees in contravention of FDUTPA but also contained a severability clause. This court stated:
As a general rule, contractual provisions are severable, where the illegal portion of the contract does not go to its essence, and, with the illegal portion eliminated, there remain valid legal obligations.
Fonte, 903 So.2d at 1024. This court thus severed the clause denying attorney's fees, but enforced the remaining arbitration obligations.
By contrast, in Presidential Leasing, Inc. v. Krout, 896 So.2d 938, 942 (Fla. 5th DCA 2005), the court noted that the agreement there contained no severance clause, adding that:
The presence of an unlawful provision in an arbitration agreement may serve to taint the entire arbitration agreement, rendering the agreement completely unenforceable.
The instant arbitration agreement contains no severance clause. This alone distinguishes VoiceStream Wireless and Fonte. Moreover, the instant agreement is titled an "arbitration and limitation of liability agreement." The title alone suggests that the offensive limitations of liability go to the "essence" of the contract. Compare Fonte, 903 So.2d at 1024; Wilderness Country Club P'hip, Ltd. v. Groves, 458 So.2d 769, 771 (Fla. 2d DCA 1984) ("a bilateral contract is severable where the illegal portion of the contract does not go to its essence").
Because the agreement as a whole is invalid, it was error for the trial court to enforce it by ordering arbitration. We reverse and remand this matter for further proceedings.
Reversed and remanded.
GUNTHER and FARMER, JJ., concur.