931 So.2d 935 (2006)
Peter MORTON, as trustee of the Peter Morton Revocable Trust, Appellant,
v.
Jeffrey D. POLIVCHAK, Appellee.
No. 2D05-215.
District Court of Appeal of Florida, Second District.
April 21, 2006.
*937 Alan M. Oravec of Judd, Shea, Ulrich, Oravec, Wood & Dean, P.A., Sarasota, for Appellant.
Anthony J. Abate, Steven J. Chase, and Kimberly J. Madison of Abel, Band, Russell, Collier, Pitchford & Gordon, Chartered, Sarasota, for Appellee.
CANADY, Judge.
In this case concerning a dispute arising from the sale of residential property, Peter Morton, as trustee of the Peter Morton Revocable Trust, appeals a final order granting Jeffrey D. Polivchak's motion to compel arbitration and dismissing Morton's action against Polivchak. Because we conclude that the trial court erred in deferring to the determination of the arbitration panel concerning an issue of arbitrability, we reverse the order on appeal and remand for further proceedings.

I. Background

In 2002, Polivchak, the seller, and Morton, the buyer, entered into a contract for the sale of the property. Polivchak provided a seller's property disclosure statement, in which he represented that he did *938 not know of any past or present drainage or flood problems affecting the property or adjacent properties or anything else that should be disclosed to a prospective purchaser because it might materially affect the value or desirability of the property. After the transaction was closed, Morton discovered that the property had water and drainage problems. He filed a demand for arbitration pursuant to an arbitration provision in the contract. In the arbitration proceeding, Morton raised a fraud claim in addition to contract claims. Polivchak raised counterclaims in the arbitration proceeding. Both parties included punitive damages in their arbitration demands, but the arbitration panel, citing Complete Interiors, Inc. v. Behan, 558 So.2d 48 (Fla. 5th DCA 1990), ruled that it had no power to award punitive damages.
Seeking a judicial ruling on the issue of whether punitive damages are arbitrable, Morton filed a complaint in circuit court, alleging fraud and seeking damages. In response, Polivchak filed a motion to compel arbitration. After an initial hearing and upon leave of the circuit court, Morton amended his complaint to include a claim for punitive damages and a request for declaratory judgment on the issue of the arbitrability of punitive damages. Polivchak filed a second motion to compel arbitration, claiming that the circuit court did not have any authority to review the arbitration panel's ruling and requesting that the circuit court return the action to arbitration. After two hearings, the trial court granted Polivchak's second motion to compel arbitration and dismissed Morton's action in circuit court. The apparent basis for the ruling on the motion was the trial court's conclusion that it lacked authority to intervene in an ongoing arbitration proceeding.
The arbitration provision of the contract at issue in this case provides for the arbitration of "[a]ll controversies, claims[,] and other matters in question arising out of or related to this transaction or this contract or its breach." It does not expressly address the question of who decides issues of arbitrability.

II. Argument on Appeal

On appeal, Morton claims that because the circuit courtrather than the arbitration panelhad the authority under the arbitration agreement to determine whether the punitive damages claim is arbitrable, the circuit court erred in dismissing his complaint. Polivchak asserts that the arbitration agreement permits the arbitration panel to determine issues of arbitrability because the agreement adopts the rules of the American Arbitration Association (AAA) and those rules contain a provision concerning objections to the arbitrability of claims. Polivchak contends that judicial review of "the legal or factual findings of the arbitration panel with respect to punitive damages" is not permissible. He claims that granting relief to Morton would be inappropriate because a court can intervene in an ongoing arbitration proceeding only to determine whether arbitration may be compelled. Polivchak further contends that the trial court's order denying relief to Morton should be affirmed because the law does not permit arbitrators to award punitive damages unless the parties have expressly authorized such an award.

III. Analysis

"[D]ecisions regarding arbitrability are to be made by the trial court, unless the parties have entered an agreement stating otherwise." Romano v. Goodlette Office Park, Ltd., 700 So.2d 62, 64 (Fla. 2d DCA 1997) (relying on Thomas W. Ward & Assocs. v. Spinks, 574 So.2d 169 (Fla. 4th DCA 1991)); see also Royal Prof'l Builders, Inc. v. Roggin, 853 So.2d 520, 523 (Fla. 4th DCA 2003); Premier *939 Med. Mgmt., Ltd. v. Salas, 830 So.2d 959, 961 n. 2 (Fla. 1st DCA 2002). "Contractual silence or ambiguity regarding who determines the questions of arbitrability is insufficient to give that authority to the arbitrators." Romano, 700 So.2d at 64. "If ... the parties did not agree to submit the arbitrability question itself to arbitration, then the court should decide that question just as it would decide any other question that the parties did not submit to arbitration, namely, independently." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is `clea[r] and unmistakabl[e]' evidence that they did so." Id. at 944, 115 S.Ct. 1920 (quoting AT & T Techs., Inc. v. Commc'ns Workers, 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)).
Here, the arbitration provision of the contract contained no express agreement that an issue of arbitrability would be decided by the arbitration panel. Therefore, only the circuit court had the authority to decide whether the issue of punitive damages is arbitrable. In deciding that the punitive damages claim was beyond their power to arbitrate, the arbitration panel impermissibly decided an issue of arbitrabilityan issue that was within the province of the circuit court.
There is no merit in Polivchak's contention that the reference in the arbitration agreement to the rules of the AAA authorized the arbitrators to decide issues of arbitrability. The provision in the AAA rules on which Polivchak relies provides simply that "[o]bjections to the arbitrability of a claim must be raised no later than thirty (30) days after notice to the parties of the commencement of the arbitration."[1] This provision only addresses the procedure of raising an objection to arbitrability in an arbitration proceeding when the arbitration panel has the authority to decide issues of arbitrability. The provision does not itself grant the arbitration panel that authority. Cf. Rintin Corp., S.A. v. Domar, Ltd., 766 So.2d 407, 409 (Fla. 3d DCA 2000) (holding that arbitration agreement providing for submission of disputes to arbitration pursuant to the Florida International Arbitration Act, §§ 684.01-684.35, Fla. Stat. (1999), authorized "submission of the issue of arbitrability of a dispute to the arbitral panel" since section 684.22(1) specifically provides that the arbitral tribunal shall decide issues of arbitrability).
Polivchak's argument that the trial court could not intervene in the ongoing arbitration proceeding is also without merit. Courts are not divested of authority to determine questions of arbitrability simply because an arbitration proceeding is ongoing. Here, the arbitration panel had no authority to enter a ruling on the arbitrability of the punitive damages claim, and Morton was entitled to a judicial ruling on the matter. He properly sought a declaratory judgment on the issue. "[T]he circuit courts of this state have jurisdiction to render declaratory judgments determining whether a matter in dispute comes within the scope of an arbitration agreement." Pub. Employees Relations Comm'n v. Dist. Sch. Bd., 374 So.2d 1005, 1011 (Fla. 2d DCA 1979), disapproved on other grounds by Barwick v. State, 660 So.2d 685 (Fla.1995); see also Rintin Corp., S.A., 766 So.2d at 408 (addressing case where after other party filed a demand for arbitration, the plaintiff "filed an *940 action in circuit court seeking a declaration that the disputes raised by [the] demand for arbitration were not arbitrable"). "[A]rbitration is simply a matter of contract between the parties," Kaplan, 514 U.S. at 943, 115 S.Ct. 1920, and a circuit court may construe a party's right under a contract by way of a declaratory judgment, see §§ 86.011, 86.02, Fla. Stat. (2003).
Polivchak's contention that punitive damages may not be awarded in an arbitration proceeding unless expressly authorized by the arbitration agreement also is lacking in merit. Polivchak bases this argument on the decision in Behan, which the arbitration panel relied on in making the determination that spawned this appeal. In Behan, the court reversed a trial court's ruling confirming an arbitrator's award of punitive damages in a case involving breach of contract and negligent performance claims. The court based the reversal on its conclusion "that the parties' agreement ... did not provide for an award of punitive damages and accordingly the arbitrator exceeded his power." 558 So.2d at 51. The court adopted the view "that punitive damages may not be awarded by an arbitrator absent an express provision authorizing such relief in the arbitration agreement or pursuant to a stipulated submission." Id.
We reject the suggestion that claims for punitive damages based on fraud are subject to the rule stated in Behan that punitive damages may be awarded by an arbitrator only if the parties have expressly agreed that such relief will be available in arbitration. We consequently reject Polivchak's argument that the rationale of Behan is a sufficient basis for affirming the trial court's decision to deny Morton relief.
Behan, as we have already noted, was a case involving breach of contract and negligent performance claims. The rule the court stated in Behan thus was applied in a context where punitive damages ordinarily are not available. See S. Bell Tel. & Tel. Co. v. Hanft, 436 So.2d 40, 42 (Fla. 1983) ("For punitive damages to be recoverable in a contract case, an intentional wrong, willful or wanton misconduct, or culpable negligence, the extent of which amounts to an independent tort, must be shown."). Applying the rule requiring express authorization for the arbitration of punitive damages claims to a punitive damages claim arising from a cause of action for an intentional tort such as fraudeven when the fraud is related to a contractual relationshipis a far different matter. Punitive damages generally are available for intentional torts. See § 768.72(2), Fla. Stat. (2003). In view of this principle, it would be anomalous to apply a presumption against the arbitrability of punitive damages claims arising from arbitrable fraud claims.
Here, Polivchak has not asserted that the fraud claim does not fall within the scope of the agreement to arbitrate "[a]ll controversies, claims[,] and other matters in question arising out of or related to this transaction or this contract or its breach." See Kaplan v. Kimball Hill Homes Fla., Inc., 915 So.2d 755, 759 (Fla. 2d DCA 2005) ("Where an arbitration agreement provides for the arbitration of disputes relating to a contract, `[t]ort claims based on duties that are dependent upon the existence of the contractual relationship between the parties are normally arbitrable.'") (quoting Stacy David, Inc. v. Consuegra, 845 So.2d 303, 306 (Fla. 2d DCA 2003)). And Polivchak has not shown any basis for concluding that Morton's claim for punitive damages based on the fraud cause of action is not a claim "arising out of or related to" the real estate contract.
Polivchak's contention that there is a presumption that punitive damages *941 claims are not arbitrable is at odds with the general presumption of arbitrability:
[A]ny time a contract contains an arbitration clause, there is a presumption of arbitrability in the sense that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."
Beaver Coaches, Inc. v. Revels Nationwide R.V. Sales, Inc., 543 So.2d 359, 362 (Fla. 1st DCA 1989) (quoting AT & T Techs., Inc., 475 U.S. at 650, 106 S.Ct. 1415). "In the case of a particularly broad arbitration clause, only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." Id. See also Stinson-Head, Inc. v. City of Sanibel, 661 So.2d 119 (Fla. 2d DCA 1995) (discussing presumption of arbitrability). Here, the arbitration provision is undeniably broad.
Accordingly, we conclude that where a cause of action for fraud is within the scope of an arbitration agreement, a claim for punitive damages based on that fraud is subject to arbitration unless the parties have agreed that punitive damages claims are not arbitrable. See PrimeCo Pers. Commc'ns v. Commonwealth Distribs., Inc., 740 So.2d 585, 587 (Fla. 3d DCA 1999) (enforcing contractual provision that "the arbitrator's authority to award damages is limited to compensatory damages"). We note that the arbitration provision here states that "any remedy not provided for in" the contract "may not" be awarded by the arbitration panel and that the contract refers to the buyer's "right to seek damages" when the seller "fails, refuses[,] or neglects to perform" the contract. Since the parties have presented no argument concerning the bearing these provisions might have on the issue of whether the parties have agreed that punitive damages claims are not arbitrable, we do not address that issue.

IV. Conclusion

Because the circuit court erred in its failure to address the arbitrability of the punitive damages claim, we reverse the circuit court's order of dismissal and compelling arbitration. On remand, the circuit court shall determine whether the punitive damages claim is subject to arbitration under the provisions of the arbitration agreement.
Reversed and remanded.
NORTHCUTT and VILLANTI, JJ., Concur.
NOTES
[1] This provision is found in Article 16(3) of the AAA Commercial Arbitration and Mediation Center for the Americas (CAMCA) Mediation and Arbitration Rules. See http:// www.adr.org.