937 So.2d 1136 (2006)
Mary REEVES, Appellant,
v.
ACE CASH EXPRESS, INC., and Ditore Ruibal & Associates, Inc., Appellees.
No. 2D05-5752.
District Court of Appeal of Florida, Second District.
August 11, 2006.
Rehearing Denied September 29, 2006.
*1137 Mark Tischhauser and Angela M. Stone of the Tischhauser Law Group, Tampa, for Appellant.
Neal A. Sivyer and J. Carlton Mitchell of Sivyer Barlow & Watson, P.A., Tampa, for Appellee Ace Cash Express, Inc.
No appearance for Appellee Ditore Ruibal & Associates, Inc.
NORTHCUTT, Judge.
Mary Reeves sued Ace Cash Express, Inc., and Ditore Ruibal & Associates, Inc., claiming they violated the Florida Consumer Collection Practices Act ("FCCPA"), specifically section 559.77, Florida Statutes (2002). In this nonfinal appeal she challenges the circuit court's order compelling arbitration of her claim. We affirm the order in all respects. We write only to discuss an issue not heretofore addressed in Florida courts: whether public policy prevents arbitration of FCCPA claims.
When determining whether a dispute must be submitted to arbitration, the court must consider three factors: (1) whether there is a valid written agreement to arbitrate; (2) whether there is an arbitrable issue; and (3) whether the right to arbitration has been waived. See Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla. 1999); Stacy David, Inc. v. Consuegra, 845 So.2d 303, 306 (Fla. 2d DCA 2003). The circuit court determined that the parties had made a valid agreement to arbitrate, and we agree. But Reeves also argues that FCCPA claims are not arbitrable under the second prong of Seifert.
We considered a similar issue, albeit posed as a challenge to the validity of the arbitration agreement, in Orkin Exterminating Co. v. Petsch, 872 So.2d 259, 261 (Fla. 2d DCA), review denied, 884 So.2d 23 (Fla.2004). That case involved the arbitrability of claims brought under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), §§ 501.201-213, Fla. Stat (2001). In Petsch we began our analysis by searching the statute for a clear expression of legislative intent to preclude arbitration of FDUTPA claims, but we found none. See also Aztec Med. Servs., Inc. v. Burger, 792 So.2d 617, 624 (Fla. 4th DCA 2001); Value Car Sales, Inc. v. Bouton, 608 So.2d 860, 861 (Fla. 5th DCA 1992). Likewise, nothing in the text of section 559.77 evinces a legislative intent to preclude the submission of FCCPA claims to arbitration. Consequently, such claims are not, as a matter of law, excluded from arbitration.
The issue then becomes whether the language of the parties' specific arbitration agreement affects its enforcement with respect to Reeves's FCCPA claims. Reeves argues that the agreement violates public policy because it does not provide her the panoply of rights available under the FCCPA. Specifically, Reeves complains that the agreement does not give the arbitrator authority to award injunctive relief, it specifically prohibits class actions, it would not allow an award of punitive damages, and it requires that each party bear its own attorney's fees and costs, all contrary to the FCCPA. Thus, she claims, the agreement is unenforceable.
First, Reeves's complaint did not seek injunctive relief or class action status. But even if it had, the arbitration agreement would be enforceable. The provision does not specifically set forth the types of relief the arbitrator may grant; it does not specifically prohibit injunctive relief. Unless specifically prohibited, an arbitrator generally has the power to fashion equitable remedies. See Petsch, 872 So.2d at 264 (and cases discussed therein). Reeves's *1138 arbitration agreement does prohibit class actions, but it contains a severability clause. Thus, the offending provision could be severed without affecting the parties' agreement to arbitrate. See Fonte v. AT & T Wireless Servs., Inc., 903 So.2d 1019, 1020 (Fla. 4th DCA), review denied, 918 So.2d 292 (Fla.2005).
Second, Reeves did not specifically demand punitive damages, although section 559.72(2) permits them. Again, the arbitration agreement does not address this type of damages. It does, however, require the arbitrator to follow "the substantive law related to any Claim." Reeves argues that punitive damages cannot be awarded in an arbitral forum unless the arbitration agreement expressly provides for them. She relies on Complete Interiors, Inc. v. Behan, 558 So.2d 48 (Fla. 5th DCA 1990), for this proposition. But Behan involved actions for breach of contract and negligent performance, legal theories for which punitive damages are not ordinarily available. Recently, in Morton v. Polivchak, 931 So.2d 935, 937 (Fla. 2d DCA 2006), we rejected an assertion that Behan governed the arbitrability of a punitive damages claim based on fraud, an intentional tort for which punitive damages are generally available. Morton, 931 So.2d at 937-38. The Morton reasoning is equally applicable to a statutory tort, such as the FCCPA, which expressly provides that punitive damages may be awarded. § 559.77(2). Thus, in this case neither the language of the agreement nor the reasoning in Behan preclude enforcement of the arbitration agreement.
Finally, Reeves maintains that the arbitration agreement is unenforceable because, contrary to the FCCPA, it requires each party to bear its own attorney's fees. She misreads the arbitration provision, which, in fact, is silent on this issue. As we explained in Petsch, even when the Federal Arbitration Act governs an arbitration agreement, Florida law controls the award of attorney's fees. Petsch, 872 So.2d at 264; see also Lee v. Smith Barney, Harris Upham & Co., 626 So.2d 969, 971 (Fla. 2d DCA 1993); Cassedy v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 751 So.2d 143, 146-47 (Fla. 1st DCA 2000). Thus, if Reeves prevails on her claim in arbitration, she can seek attorney's fees under the FCCPA in circuit court.
Affirmed.
ALTENBERND and CANADY, JJ., Concur.