PER CURIAM.
ManorCare Health Services, Inc. (Man- or Care), challenges the trial court’s nonfi-nal order denying its motion to compel arbitration of Catherine Stiehl’s action as personal representative of the Estate of Florence Halloran against Manor Care for negligence, wrongful death, and breach of fiduciary duties.
This case requires us to decide the enforceability of an arbitration agreement that contains remedial limitations which, Ms. Stiehl argues, violate public policy. To the extent the arbitration agreement contains remedial limitations that may be unenforceable, we conclude that the arbitrator is empowered to sever those provisions from the agreement. We accordingly reverse the trial court’s order and remand for further proceedings.
I.
In December 2005, Florence Halloran was admitted as a resident to Manor Care of Palm Harbor. On the day of Ms. Hallo-ran’s admission, her daughter, Catherine Stiehl, signed various admission papers as *98 attorney-in-fact on Ms. Halloran’s behalf.[1] One of these documents was titled “Voluntary Arbitration and Limitation of Liability Agreement” (the Agreement).
Five months after her admission, Ms. Halloran died. Eleven months later, her estate filed a lawsuit against Manor Care, alleging violations of the Nursing Home Residents Act. See §§ 400.022, .023, Fla. Stat. (2005). Manor Care moved to compel arbitration, relying on the provisions of the Agreement.
The Agreement is five pages long and consists of five sections. Appendix A of this opinion reproduces the Agreement in full. The Agreement provides, in pertinent part, as follows:
A. Arbitration Provisions
1.1 Any and all claims or controversies between the Facility and the Resident arising out of or in any way relating to the Resident’s stay at the Facility, including disputes regarding interpretation of this Agreement, whether arising out of State or Federal law, and whether based upon statutory duties, breach of contract, tort theories or other legal theories (including, without limitation, any claim based on Florida Statutes §§ 400.022, 400.023, 400.428, 400.429, or a claim for unpaid nursing home or related charges), shall be submitted to final and binding arbitration. Except as expressly set forth herein, the provisions of the Florida Arbitration Code, Florida Statu[t]es § 682.01 et seq., shall govern the arbitration. Each party hereby waives its right to file a court action for any matter covered by this Agreement.
[[Image here]]
D. Nonseverability
In the event any provision of this agreement is determined by a court of competent jurisdiction, an arbitrator or arbitrator panel to be unenforceable for any reason, either party may thereafter cancel this agreement by giving written notice to such effect within 10 days after such determination. Upon such cancellation, any award, ruling or order under this agreement shall be considered null and void and unenforceable.
Other provisions of the Agreement cap non-economic damages at $250,000 and eliminate punitive damages. Under the Agreement, Manor Care agrees to pay the arbitrator’s fees and costs, and the parties to the agreement waive any right to recover attorney’s fees.
The Agreement places limitations on the discovery process. Any arbitration under the Agreement would occur in Pinellas County before a single arbitrator, who must be a retired judge or member of the Florida Bar with ten years’ experience as an attorney. The Agreement additionally states that any arbitration award must be in accordance with Florida law and provides for entry of a binding arbitration award without any appeal, except as provided by Florida law. See § 682.13(l)(a)-(e), Fla. Stat. (2005); Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1328-29 (Fla.1989).
In the trial court, Ms. Stiehl argued that the remedial limitations within the arbitration agreement were void as against public policy and not severable from the Agreement. Ms. Stiehl asked that the trial court provide the option to cancel the Agreement. The trial court agreed with Ms. Stiehl’s argument, found the remedial limitations invalid, and entered an order denying Manor Care’s motion to compel *99 arbitration. Manor Care now challenges that ruling on appeal.
II.
On appeal, Manor Care argues that the trial court should have compelled arbitration because the remedial limitations are not void as against public policy and, assuming that they are, an arbitrator may sever them from the Agreement. While we do not address the enforceability of the remedial limitations, we agree that such limitations may be severed from the arbitration agreement. We accordingly conclude that the trial court erred in declining to compel arbitration, and we reverse and remand for further proceedings.
The right to compel arbitration arises from an agreement of the parties. As a result, the trial court’s role in deciding whether to compel arbitration is limited to three “gateway” issues: “(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.” Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999). The sole consideration in this case relates to the first issue — that is, whether the arbitration agreement is valid despite remedial limitations that, Ms. Stiehl argues, defeat the public policy expressed under the Nursing Home Residents Act.
In challenging the validity of an arbitration agreement, a party must assert defenses applicable to all contracts — defenses such as fraud, duress, or uncon-scionability. Global Travel Mktg., Inc. v. Shea, 908 So.2d 392, 397 (Fla.2005); see also Gainesville Health Care Ctr., Inc. v. Weston, 857 So.2d 278, 283 (Fla. 1st DCA 2003) (observing that both the Federal Arbitration Act and the Florida Arbitration Code permit a challenge to the validity of an arbitration provision based upon state-law contract defenses). A trial court is to review those defenses which go to the validity of the arbitration agreement itself, rather than to the enforceability of the contract as a whole. See Seifert, 750 So.2d at 636; see also John B. Goodman Ltd. P’ship v. THF Constr., Inc., 321 F.3d 1094, 1095 (11th Cir.2003).
We recognize that courts have, on public policy grounds, invalidated arbitration agreements found to defeat the remedial purpose of a statute on which the suit is based. See, e.g., Powertel, Inc. v. Bexley, 743 So.2d 570 (Fla. 1st DCA 1999); see also Paladino v. Avnet Computer Techs., Inc., 134 F.3d 1054, 1059 (11th Cir.1998). Additionally, courts in this state have specifically found arbitration agreements containing remedial limitations similar to those presented here to render an agreement to arbitrate void and unenforceable. See Blankfeld v. Richmond Health Care, Inc., 902 So.2d 296 (Fla. 4th DCA), review denied, 917 So.2d 195 (Fla.2005); Lacey v. Healthcare & Ret. Corp. of Am., 918 So.2d 333 (Fla. 4th DCA 2005).
Nonetheless, this district has treated the validity of such remedial limitations to be beyond the initial gateway determination of an arbitration agreement’s enforceability where the limitations are sev-erable from the agreement to arbitrate. See, e.g., Bland ex rel. Coker v. Health Care & Ret. Corp. of Am., 927 So.2d 252, 258 (Fla. 2d DCA 2006) (observing that there is “no reason why the arbitrator, in the first instance, cannot decide whether to enforce the remedial limitations”); Rollins, Inc. v. Lighthouse Bay Holdings, Ltd., 898 So.2d 86, 89 (Fla. 2d DCA 2005) (concluding plaintiffs claims “should be arbitrated and that the arbitrator should in the first instance decide the validity of the remedial restrictions in the arbitration provision”). In this circumstance, the enforceability of the remedial limitations may *100 be considered by the arbitrator “in the context of a fully developed factual record.” Bland, 927 So.2d at 258. If the arbitrator determines the remedial limitations to be unenforceable, the limitations may be severed from the remainder of the agreement. See also Orkin Exterminating Co., Inc. v. Petsch, 872 So.2d 259, 266 (Fla. 2d DCA 2004).
Significant in our decisions has been that the arbitration agreement permit severance of any provisions challenged on grounds of public policy. For instance, in Gessa ex rel. Falatek v. Manor Care of Fla., Inc., 4 So.3d 679, 682 (Fla. 2d DCA 2009), we concluded that although the arbitration agreement lacked a severability clause, the trial court properly compelled arbitration because the remedial limitations could be severed by the arbitrator. Likewise, in Shotts v. OP Winter Haven, Inc., 988 So.2d 639, 643-44 (Fla. 2d DCA 2008), we observed that, to the extent an arbitration agreement contained remedial limitations that may be violative of public policy, the agreement was enforceable where those provisions could be severed by the arbitrators. Similarly, the Eleventh Circuit has concluded that where an arbitration agreement contains remedial limitations, but also a severability clause, the validity of the remedial limitations is a question for the arbitrator to decide. Anders v. Hometown Mortgage Servs., Inc., 346 F.3d 1024, 1032 (11th Cir.2003).
The trial court here expressly concluded that the remedial limitations provision could not be severed from the agreement to arbitrate. This conclusion is understandable, given that the Agreement contains a subsection titled “Mon-severability.” However, we cannot ignore the language of the nonseverability clause. Under Florida law, to determine whether the Agreement permits severance of the remedial limitations provision, we apply the test set out in Local No. 234 v. Henley & Beckwith, Inc., 66 So.2d 818, 821-22 (Fla.1953). As the Florida Supreme Court explained there, “[w]hether a contract is ... divisible depends upon the intention of the parties,” which “may be determined by a fair construction of the terms and provisions of the contract itself, and by the subject matter to which it has reference.” Id. at 822 (citations and internal quotation marks omitted).
The nonseverability clause states that upon a finding that any provisions of the Agreement are deemed unenforceable by a court or an arbitrator, the parties shall have the option to cancel the Agreement. Nothing within the clause purports to render the Agreement null and void upon a finding by a court or an arbitrator that any provisions of the Agreement are unenforceable. Instead, the nonseverability clause expressly contemplates that provisions of the Agreement may be found invalid by either the court or an arbitrator.
Thus, language contained within the nonseverability clause anticipates that certain provisions of the Agreement may be deemed invalid and severed, in which case the parties would have the option of either proceeding with arbitration or withdrawing from the Agreement. Additionally, we do not find that the remedial limitation is so interrelated and interdependent that it cannot be severed by the arbitrator if necessary: the essence of the contract is an agreement to submit disputes to binding arbitration. We therefore conclude that the validity of the remedial limitations may be considered by the arbitrator and, if the limitations are found invalid, severed from the Agreement.
III.
We have decided the single gateway issue presented on appeal: whether a valid *101 agreement to arbitrate exists between Ms. Halloran and Manor Care. Because the validity of the remedial limitations may be determined by the arbitrator, we do not proceed any further. Given the presence of a clause providing the parties with the option of withdrawing from the Agreement upon any finding that the remedial limitations are unenforceable, it was unnecessary for the trial court to find the agreement to arbitrate invalid on public policy grounds. Accordingly, we reverse the trial court’s order denying Manor Care’s motion to compel arbitration and to stay proceedings, and we remand for further proceedings consistent with this opinion.
KHOUZAM and CRENSHAW, JJ., Concur.
ALTENBERND, J., Concurs specially with opinion.

. In the proceeding below, the parties disputed Ms. Stiehl's authority to execute an arbitration agreement on Ms. Halloran's behalf. The nature of Ms. Stiehl’s authority to execute the agreement was not raised in this appeal.