VILLANTI, Judge.
FL-Carrollwood Care Center, LLC; Senior Health Management-Gold Coast, LLC; Dan Davis; Senior Health Management, LLC; Rick L. Knight; and Carla H. Russo (collectively “Carrollwood Care”) challenge the trial court’s denial of their motion to compel arbitration. We reverse the trial court’s order and remand the case for arbitration.
This is the second time this case is before this court. The underlying lawsuit stems from Robert Dixon Gordon’s stay at a Carrollwood Care facility for short-term rehabilitation following amputation of a toe. Mr. Gordon entered the facility on October 31, 2007. On November 1, 2007, he signed admissions-related paperwork which included an arbitration agreement. Mr. Gordon’s Estate subsequently sued Carrollwood Care alleging negligence and violations of chapter 400, Florida Statutes. Carrollwood Care moved to compel arbitration pursuant to the agreement signed by Mr. Gordon. The Estate responded that no valid arbitration agreement existed because Mr. Gordon lacked the necessary mental capacity to enter into a contract when he signed the agreement. Alternatively, the Estate argued that even if Mr. Gordon had the mental capacity to enter into a valid contract, the arbitration provision was unconscionable and, therefore, unenforceable.
In response to the Estate’s claims, Car-rollwood Care requested an evidentiary hearing to address the issue of Mr. Gordon’s mental capacity. The trial court denied the request for an evidentiary hearing, but nonetheless was persuaded by the Estate’s incompetence argument, and entered an order denying arbitration on that sole basis. Having ruled on the Estate’s first argument, the trial court did not address the unconscionability argument.[1] On appeal, after concluding that an eviden-tiary hearing was necessary to determine whether Mr. Gordon had the requisite mental capacity to enter into the arbitration agreement, this court reversed the trial court’s order and remanded the case for further proceedings. See FL-Carrollwood Care Ctr., LLC v. Estate of Gordon ex rel. Gordon, 34 So.3d 804, 806 (Fla. 2d DCA 2010). Importantly, our prior opinion did not address the Estate’s uncon-scionability argument, which had not specifically been ruled upon below.
At an evidentiary hearing after remand, the Estate made the same two arguments it had made previously. After considering the evidence, the trial court concluded that the Estate had not shown that Mr. Gordon lacked mental capacity at the time he signed the arbitration agreement.[2] Never *165 theless, relying on Woebse v. Health Care & Retirement Corp. of America, 977 So.2d 630 (Fla. 2d DCA 2008), the court concluded that the arbitration agreement was unconscionable and denied arbitration. This appeal followed.
Initially, we reject Carollwood Care’s argument that the trial court exceeded this court’s mandate when it considered the Estate’s unconscionability argument on remand. Carrollwood Care argues that this court’s mandate limited the trial court to deciding only whether Mr. Gordon had mental capacity when he signed the arbitration agreement. We agree with the Estate’s response that the trial court properly considered the uncon-scionability argument because that alternative argument was presented to the trial court but never decided before the first appeal.
Although a trial court lacks authority to deviate from the terms of the appellate court’s instructions on remand, White Sands, Inc. v. Sea Club V. Condo. Ass’n, 591 So.2d 286, 287 (Fla. 2d DCA 1991), in this case the trial court’s first order had not ruled on the Estate’s unconscionability argument. Therefore, absent some unequivocal direction to the contrary in the mandate, on remand the trial court still had authority to consider and decide that issue. See Two M Dev. Corp. v. Mikos, 578 So.2d 829, 830-31 (Fla. 2d DCA 1991) (explaining that trial court did not consider a particular issue in the original proceeding when its ruling on a different issue rendered the second issue moot; thus, the appellate court did not consider the issue in the first appeal and the trial court could consider it on remand); see also Harbour Club Condo. No. Three, Inc. v. Sander, 380 So.2d 449, 450 (Fla. 2d DCA 1979) (holding that mandate did not preclude the trial court from considering unconscionability argument on remand because that issue had not been decided by the trial court nor considered by this court in the first appeal). However, even though the trial court had authority to consider the uncon-scionability argument on remand, we must nevertheless reverse its conclusion on the merits because the arbitration agreement was not shown to be unconscionable.
On appeal, we accept the trial court’s factual findings if they are supported by competent, substantial evidence, but we review de novo the court’s construction of the arbitration provision and the application of the law to the facts. Woebse, 977 So.2d at 632. To succeed in an uncon-scionability argument, the Estate had to show both procedural and substantive un-conscionability. Bland ex rel. Coker v. Health Care & Ret. Corp. of Am., 927 So.2d 252, 256 (Fla. 2d DCA 2006). However, this court assesses procedural and substantive unconscionability independently. Id. at 257.
Procedural unconscionability relates to the manner in which the contract was made and involves issues such as the parties’ relative bargaining power and their ability to know and understand disputed contract terms. Id. at 256. A court can also find a contract unconscionable if important terms are hidden in fine print or if the contract reflects an absence of meaningful choice on the part of the consumer. See Orkin Exterminating Co. v. Petsch, 872 So.2d 259, 265 (Fla. 2d DCA 2004). On the other hand, substantive unconscion-ability considers whether the contract terms themselves are so outrageously unfair as to shock the judicial conscience. Bland, 927 So.2d at 256. “A substantively unconscionable contract is one that ‘no man in his senses and not under delusion would make on the one hand, and ... no honest and fair man would accept on the other.’ ” Id. (quoting Belcher v. Kier, 558 So.2d 1039, 1044 Fla. 2d DCA 1990)). In *166 this case, we must conclude that the arbitration agreement was not substantively unconscionable.[3]
Here, the Estate argues that limitations on punitive damages, noneconomic damages, and discovery[4] render the arbitration agreement substantively unconscionable. We disagree. First, we note that the arbitration agreement in this case does not place any limitations on an award of punitive damages. The agreement is silent as to punitive damages but provides that the arbitration award shall be consistent with Florida law “except as otherwise stated in this Agreement.” Nevertheless, the Estate initially argues that the agreement bars punitive damages because in Complete Interiors, Inc. v. Behan, 558 So.2d 48, 51 (Fla. 5th DCA 1990), the Fifth District held that an arbitrator cannot award punitive damages when the parties’ agreement does not expressly provide for such an award.
This court has explained that Behan does not apply when the substantive law at issue allows an award of punitive damages. See, e.g., Reeves v. Ace Cash Express, Inc., 937 So.2d 1136, 1138 (Fla. 2d DCA 2006); Morton v. Polivchak, 931 So.2d 935, 940 (Fla. 2d DCA 2006) (“Polivchak’s contention that punitive damages may not be awarded in an arbitration proceeding unless expressly authorized by the arbitration agreement ... is lacking in merit.... The rule the court stated in Behan ... was applied in a context where punitive damages ordinarily are not available.”). Here, the arbitration agreement does not expressly prohibit an award of punitive damages, the agreement requires the arbitrator to follow Florida law, and the substantive law of Florida allows punitive damages. See §§ 400.023(1), .0237, .0238; 768.72, Fla. Stat. (2007); Reeves, 937 So.2d at 1138 (noting that agreement required the arbitrator to follow Florida law). Therefore, there is no limitation on punitive damages that could make the arbitration agreement substantively unconscionable on that basis.[5]
The Estate’s and the trial court’s reliance on Woebse is therefore misplaced because the arbitration agreement in that case expressly barred a punitive damages award. 977 So.2d at 635. The same is true of the Estate’s reliance on Romano ex rel. Romano v. Manor Care, Inc., 861 So.2d 59, 61-63 (Fla. 4th DCA 2003).
Other cases relied upon by the Estate are likewise inapplicable because they found a limitation on punitive damages void as contrary to public policy. See, e.g., SA-PG-Ocala, LLC v. Stokes, 935 So.2d 1242, 1242 (Fla. 5th DCA 2006); Lacey v. Healthcare & Ret. Corp. of Am., 918 So.2d 333, 334 (Fla. 4th DCA 2005); Blankfeld v. Richmond Health Care, Inc., 902 So.2d 296, 298-99 (Fla. 4th DCA 2005). The Estate in this case argued that the agreement was unconscionable, not that the agreement was contrary to public policy. See Bland, 927 So.2d at 257 (explaining that finding a contractual provision con *167 trary to public policy is an issue distinct from the unconscionability argument); Blankfeld, 902 So.2d at 299 (same).[6]
Since the arbitration agreement here did not have a limitation on punitive damages, the next question is whether the agreement’s limitation on discovery and the agreement’s $250,000 cap on noneco-nomic damages, alone, support a finding of substantive unconscionability. We conclude they do not. The Estate has not cited to, and this court has been unable to locate, any cases where a limitation on discovery and a $250,000 cap on noneco-nomic damages alone-without a limitation on punitive damages-support a finding of substantive unconscionability. And this court has held that when an arbitration agreement requires an award to be consistent with Florida law, the arbitrator can decide in the first instance whether the agreement’s remedial limitations are enforceable. See, e.g., Jaylene, Inc. v. Steuer ex rel. Paradise, 22 So.3d 711, 713 (Fla. 2d DCA 2009); Bland, 927 So.2d at 258 (“Nothing in the Agreement limits the arbitrator’s authority to enforce, or refuse to enforce, the remedial limitations.”).
We also conclude that the agreement’s severability clause would nevertheless save the arbitration agreement in this case, even if the $250,000 cap on noneco-nomic damages and the limitations on discovery were unenforceable. The sever-ability clause provides:
If any sentence, word, phrase, paragraph or portion of this Agreement should at any time be held invalid, unlawful, unconstitutional, or unenforceable for any reason, that holding will not affect in any way the meaning of the other sentences, words, phrases, paragraphs or portions of this Agreement, and all remaining portions shall remain in full force and effect as if the portion that was held invalid was not originally a part of the Agreement. In other words, even if a portion of the Agreement is determined to be invalid for some reason, the parties to this Agreement still want to arbitrate any issues that may arise out of the resident’s stay at the Facility.
In Alterra Healthcare Corp. v. Bryant, 937 So.2d 263, 265-66 (Fla. 4th DCA 2006), the trial court held that an arbitration agreement’s bar on punitive damages, $250,000 cap on noneconomic damages, limitation on depositions, and waiver of the right to appeal were substantively unconscionable. Yet, the trial court severed all of the offending provisions and enforced the rest of the agreement and the district court affirmed. Id. at 270. Contractual provisions are severable where the invalid provisions do not go to the essence of the parties’ contract and where there remain valid legal obligations even after severing the invalid provisions. Id. “Severance is appropriate where the void provision can be severed without affecting the intent of the. parties to arbitrate.” Id.; see also Alterra Healthcare Corp. v. Estate of Linton ex rel. Graham, 953 So.2d 574, 579 (Fla. 1st DCA 2007) (affirming order striking punitive and compensatory damages limitation but enforcing the rest of the arbitration agreement). See generally Lacey, 918 So.2d at 335 (noting that an arbitration agreement which contains a sever-ability clause can be enforced, so long as the offensive portion of the agreement does not go the essence of the parties’ contract); Healthcomp Evaluation Servs. Corp. v. O’Donnell, 817 So.2d 1095, 1098 *168 (Fla. 2d DCA 2002) (holding that offending sentence in an arbitration clause could be severed without affecting the intent of the parties). In this case, the arbitrator could sever the allegedly offensive provisions, if deemed appropriate, while enforcing the rest of the parties’ five-page arbitration agreement and still honoring the parties’ intent to arbitrate.[7]
Based on the foregoing, we conclude that the trial court erred in finding the arbitration agreement unconscionable, and we remand the ease for arbitration.
Reversed and remanded.
WHATLEY and WALLACE, JJ., Concur.

. The Estate had argued below that if the trial court decided the issue of Mr. Gordon’s mental capacity to enter into a valid contract in favor of the Estate, it would not need to reach the unconscionability argument.

. The Estate has not appealed that finding.

. While other cases address procedural un-conscionability first, we address substantive unconscionability first because that prong most easily disposes of the appeal. Therefore, we decline to address the procedural uncon-scionability argument as unnecessary to our decision.

. For example, the agreement limits depositions to those of experts and treating physicians.

.In fact, in its supplemental memorandum filed below, the Estate conceded that this court’s opinion in Reeves rendered Behan inapplicable because the underlying statute in this case authorized punitive damages. Yet, inexplicably, the argument was revived on appeal.

. This court has also held that the arbitrator should decide in the first instance whether limitations on liability are void as against public policy. See Jaylene, Inc. v. Steuer ex rel. Paradise, 22 So.3d 711, 713 (Fla. 2d DCA 2009); Bland, 927 So.2d at 258.

. In fact, the party who would be negatively impacted by the severance of any allegedly offensive provision is the nursing home, which wants to enforce the arbitration agreement even if the challenged provisions were severed.