898 So.2d 86 (2005)
ROLLINS, INC., a Delaware corporation, Orkin Exterminating Company, Inc., and Joseph J. Zawacki, Appellants,
v.
LIGHTHOUSE BAY HOLDINGS, LTD., a Colorado limited partnership, through its general partner, Lighthouse Bay, Inc., a Colorado corporation, and Cypress Lake Apartments, Ltd., by and through its general partner, Cypress Lake Management Company, Inc., Appellees.
No. 2D03-4792.
District Court of Appeal of Florida, Second District.
January 7, 2005.
Rehearing Denied March 7, 2005.
Douglas B. Brown of Rumberger, Kirk & Caldwell, Orlando, for Appellants.
Peter M. Cardillo of Cardillo Law Firm, Tampa, for Appellees.
KELLY, Judge.
Lighthouse Bay Holdings, Ltd. (Lighthouse Bay), contracted with Orkin Exterminating Company and Rollins, Inc., for subterranean and drywood termite treatments. Lighthouse Bay was dissatisfied with Orkin's performance and sued Orkin, Rollins, and Joseph J. Zawacki (collectively Orkin). The thirty-five-count complaint asserted claims under a variety of legal theories including breach of contract, fraud, fraudulent inducement, negligence, and violation of Florida and Georgia's Deceptive and Unfair Trade Practices Act.
Orkin moved to dismiss or stay the proceedings in favor of arbitration pursuant to the provision in the parties' contract requiring them to arbitrate any disputes. The trial court found that the arbitration provision was unconscionable and therefore unenforceable, and Orkin filed this appeal. While this appeal was pending, this court issued its decision in Orkin Exterminating Co. v. Petsch, 872 So.2d 259 *87 (Fla. 2d DCA), review denied, 884 So.2d 23 (Fla.2004). Lighthouse Bay acknowledges that our decision in that case requires it to concede that the trial court erred when it concluded that the arbitration provision at issue in this case is unconscionable. Nevertheless, Lighthouse Bay argues that the trial court's determination that the arbitration provision is unenforceable should be affirmed because the provision limits the remedies otherwise available to it under the statutes upon which some of its claims are based. We disagree and reverse because the determination of whether an arbitration provision is unenforceable because it limits statutory remedies is for the arbitrator, not the trial court.
The arbitration agreement in this case is governed by the Federal Arbitration Act, 9 U.S.C. § 1(FAA), and therefore, the FAA provides the starting point for our analysis. The FAA expresses Congress's intent to reverse "centuries of judicial hostility to arbitration agreements" and to place them "upon the same footing as other contracts." Scherk v. Alberto-Culver Co., 417 U.S. 506, 510-11, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974) (quoting H.R.Rep. No. 96, 68th Cong., 1st Sess., 1, 2 (1924)). The Supreme Court has held that with the FAA, Congress established a federal policy in favor of arbitration and created a body of federal substantive law that is applicable in state and federal court. See Southland Corp. v. Keating, 465 U.S. 1, 10-13, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984); Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). This preference for arbitration is evident in section 2 of the FAA which provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Accordingly, a court may not invalidate an arbitration agreement under state law applicable only to arbitration provisions but it can invalidate an arbitration provision based on general state law contract defenses such as fraud, duress, or unconscionability. Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996). Thus, remedial limitations in an arbitration provision together with the circumstances surrounding its execution may sometimes render an agreement unconscionable, and thus unenforceable. The agreement at issue in this case is not unconscionable. Thus, the question we must answer is whether outside the context of unconscionability the remedial limitations render the parties' arbitration agreement unenforceable. We conclude that this question is not ours to answer.
Remedial limitations in arbitration agreements have been the subject of numerous judicial decisions, and the law in this area is still not completely settled. The Supreme Court in PacifiCare Health Systems, Inc. v. Book, 538 U.S. 401, 123 S.Ct. 1531, 155 L.Ed.2d 578 (2003), declined to decide whether remedial limitations in an arbitration provision rendered it unenforceable. It also declined to decide whether the question of the enforceability of a remedial limitation was one of "arbitrability" for the court or whether it was a question for the arbitrator to decide in the first instance. It did, however, decide that if there is any ambiguity in a remedial limitation it is up to the arbitrator to decide the meaning of the ambiguous provision. The Court stated that "mere speculation" that an arbitrator might interpret an agreement in a manner that "casts [its] enforceability into doubt" is not a reason for courts to "take upon ourselves the authority to decide the antecedent question of how the ambiguity is to be resolved." Id. at 406-07, 123 S.Ct. *88 1531. The Court concluded that "since we do not know how the arbitrator will construe the remedial limitations, the questions whether they render the parties' agreements unenforceable and whether it is for courts or arbitrators to decide enforceability in the first instance are unusually abstract .... [t]he proper course is to compel arbitration." Id. at 407, 123 S.Ct. 1531. In this case we are not confronted with the type of ambiguity present in PacifiCare and therefore we cannot avoid answering the questions left open in that case.
In considering how to answer those questions, we have looked to the decisions of the federal circuit courts that have confronted these issues. The consensus among those courts is that the arbitrator should decide in the first instance whether particular remedial limitations are permissible. See id.; Hawkins v. Aid Ass'n For Lutherans, 338 F.3d 801, 807 (7th Cir.2003) (holding that the adequacy of arbitration remedies has nothing to do with whether the parties agreed to arbitrate or if the claims are in the scope of the arbitration agreement and thus they must first be considered by the arbitrator), cert. denied, 540 U.S. 1149, 124 S.Ct. 1146, 157 L.Ed.2d 1042 (2004); Bob Schultz Motors, Inc. v. Kawasaki Motors Corp., 334 F.3d 721, 726 (8th Cir.2003) (holding that the party seeking to void remedial limitations on punitive damages and other relief has to address those arguments to the arbitrator), cert. denied, 540 U.S. 1149, 124 S.Ct. 1147, 157 L.Ed.2d 1042 (2004); MCI Telecomms. Corp. v. Matrix Comms. Corp., 135 F.3d 27, 33, n. 12 (1st Cir.1998) (stating that an argument that an arbitration agreement is invalid because it forecloses certain remedies otherwise available "must be brought to the arbitrator because it does not go to the arbitrability of the claims but only to the nature of available relief"); Great W. Mortgage Corp. v. Peacock, 110 F.3d 222, 232 (3d Cir.1997) (stating that "[t]he availability of punitive damages is not relevant to the nature of the forum in which the complaint will be heard. Thus, availability of punitive damages cannot enter into a decision to compel arbitration"). But see Paladino v. Avnet Computer Techs., Inc., 134 F.3d 1054 (11th Cir.1998) (holding that the arbitrability of statutory claims rests on the assumption that the arbitration clause permits relief equivalent to court remedies and pronouncing an arbitration clause unenforceable where it had provisions that deprived the plaintiff of the ability to obtain meaningful relief for allegations of statutory violations). Even the Eleventh Circuit, which declared an arbitration provision with remedial limitations unenforceable in Paladino, appears to be rethinking its decision in that case and has limited its holding. Specifically, in Anders v. Hometown Mortgage Services, Inc., 346 F.3d 1024 (11th Cir.2003), the court held that where the parties' agreement contains remedial limitations, but also contains a severability clause that permits any invalid provisions to be excised, the question of the validity of the remedial limitations is for the arbitrator to decide. The court reasoned that the presence of the severability provision evidenced the parties' intention to enforce the remainder of the agreement in the event any portion of it is deemed invalid. Id. at 1031. The court concluded that because any invalid provisions were severable, the underlying claims should be arbitrated regardless of the validity of the remedial restrictions. Id. at 1032. The court also noted that the case was going to arbitration, thus, an arbitrator and not the court should decide the validity of the remedial limitations because "[a] court compelling arbitration should decide only such issues as are essential to defining the nature of the forum in which a dispute will be decided." Id. at 1032-33 (quoting Musnick *89 v. King Motor Co. of Ft. Lauderdale, 325 F.3d 1255, 1261 (11th Cir.2003)).
In light of these authorities, we conclude that this case should be arbitrated and that the arbitrator should in the first instance decide the validity of the remedial restrictions in the arbitration provision. We believe that this approach is consistent with the policy Congress sought to advance with the FAA. It also seems wise given that at this stage in the proceedings we can only speculate whether Lighthouse Bay will ever be affected by the remedial limitations of which it complains. That will depend in part on whether Lighthouse Bay prevails on its claim, and it will also depend on how the arbitrator construes provisions in the contract outside the arbitration provision. We also note that the agreement in this case contains a severability clause. Thus, even under the approach taken by the Eleventh Circuit, this case should proceed to arbitration.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
ALTENBERND, C.J., and STRINGER, J., Concur.