935 So.2d 1242 (2006)
SA-PG-OCALA, LLC, as Licensee, etc., et al., Appellants,
v.
Mary Frances STOKES, Appellee.
Nos. 5D05-3776, 5D05-3777.
District Court of Appeal of Florida, Fifth District.
August 11, 2006.
Thomas A. Valdez and Matthew T. Roach of McCumber, Inclan, Daniels, Valdez, Buntz & Ferrera, P.A., Tampa, for Appellant SA-PG-Ocala, LLC.
John M. Bringardner and Laetitia B. Piedra of Romaguera, Baker, Dawson, Bringardner & Dias, P.A., for Appellant HIS.
Lisa M. McClellan and Anika R. Hardmon of Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, P.L., Stuart, for Appellee.
EVANDER, J.
The issue in this case is whether the arbitration agreement entered into between a nursing home and a nursing home patient was void as contrary to public policy because it substantially limited the patient's remedies provided under the Nursing Home Residents' Act. §§ 400.022-400.023, Fla. Stat. (2001). Consistent with the Fourth District Court of Appeal's decision in Blankfeld v. Richmond Health Care, Inc., 902 So.2d 296 (Fla. 4th DCA), rev. denied, 917 So.2d 195 (Fla.2005), we find the arbitration agreement to be void and therefore affirm the trial court's decision denying appellants' motions to compel arbitration.
In connection with her admission to appellants' nursing home, appellee, Mary Stokes, signed an arbitration agreement providing that any controversy or dispute between the parties would be resolved by arbitration, as provided for by the Alternative Dispute Resolution Service Rules of Procedure for Arbitration of the American Health Lawyers Association ("AHLA"). Section 6.06 of such rules provides, in part:
[T]he arbitrator may not award consequential, exemplary, incidental, punitive or special damages against a party unless *1243 the arbitrator determines, based on the record, that there is clear and convincing evidence that the party against whom such damages are awarded is guilty of conduct evincing an intentional or reckless disregard for the rights of another party or fraud, actual or presumed.
As noted in Blankfeld, requiring clear and convincing evidence of intentional or reckless misconduct to recover certain damages would substantially impair negligence actions brought by nursing home patients, and would be contrary to the Nursing Home Residents' Act. Such Act was enacted to protect nursing home patients. It would be against public policy to permit a nursing home to dismantle the protections afforded patients by the Legislature through the use of an arbitration agreement. See also Lacey v. Healthcare and Retirement Corp. of America, 918 So.2d 333 (Fla. 4th DCA 2005).
Appellants argue that the arbitrator, not the court, should determine if the remedial limitations set forth in this arbitration agreement render the arbitration agreement unenforceable. We disagree. It is the court's obligation, in deciding a motion to compel arbitration, to determine whether a valid written agreement to arbitrate exists.[1]Global Travel Marketing, Inc. v. Shea, 908 So.2d 392 (Fla.2005); See Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999).
Appellants next argue that the offending provisions of the AHLA rules may be severed from the arbitration provision. Again, we disagree. The offending provisions of the AHLA rules were incorporated into the arbitration agreement. The arbitration agreement did not include a severability clause. Accordingly, these provisions served to taint the entire agreement and rendered the arbitration agreement completely unenforceable. Presidential Leasing, Inc. v. Krout, 896 So.2d 938 (Fla. 5th DCA 2005). The trial court correctly refused to enforce the arbitration agreement.
AFFIRMED.
THOMPSON and MONACO, JJ., concur.
NOTES
[1] Appellants rely on Rollins, Inc. v. Lighthouse Bay Holdings, Ltd., 898 So.2d 86 (Fla. 2d DCA), rev. denied, 908 So.2d 1057 (Fla. 2005), to support their contention the enforceability of the arbitration agreement should be decided by the arbitrator. However, a close reading of Rollins reflects the court initially determined the arbitration agreement was not unconscionable. Only after determining the validity of the arbitration agreement did the Second District Court of Appeal decide the enforceability of certain provisions limiting statutory remedies should be determined by the arbitrator. In this case, the arbitration agreement does not survive the threshold determination of validity.