952 So.2d 1225 (2007)
Tamera FLETCHER, etc. et al., Appellant,
v.
HUNTINGTON PLACE LIMITED PARTNERSHIP, etc., Appellee.
No. 5D06-580.
District Court of Appeal of Florida, Fifth District.
March 30, 2007.
*1226 Russell A. Dohan, of Goldberg & Dohan, L.L.P., Melbourne, and Pamela Beckham, of Beckham & Beckham, P.A., North Miami Beach, for Appellant.
Thomas A. Valdez, of Quintairos, Prieto, Wood & Boyer, P.A., Tampa, for Appellee.
GRIFFIN, J.
Tamera Fletcher ["Fletcher"], in her capacity as the personal representative of the estate of Betty Nickless, appeals an order compelling arbitration of her claim against Huntington Place Limited Partnership, d/b/a Huntington Place Rehabilitation and Nursing Center ["Huntington"]. We find merit in two of Fletcher's contentions on appeal.
The first issuewhether the arbitration agreement at issue is void as against public policyis controlled by this court's decision in SA-PG-Ocala, LLC v. Stokes, 935 So.2d 1242 (Fla. 5th DCA 2006). In Stokes, this court considered contractual language very similar to that found in the arbitration agreement at issue in this case. The Stokes court found that the inclusion of certain provisions in the Alternative Dispute Resolution Service Rules of Procedure for Arbitration of the American Health Lawyers Association ["AHLA"] were void as against public policy because they had the effect of superseding or dismantling the protections afforded patients by the legislature in the Nursing Home Resident's Act, Chapter 400, Florida Statutes (2005). Huntington urges that Stokes, and the case upon which it relied, Blankfeld v. Richmond Health Care, Inc., 902 So.2d 296 (Fla. 4th DCA), review denied, 917 So.2d 195 (Fla.2005), were based *1227 on flawed reasoning.[1] Instead, they urge the position taken by the First District Court of Appeal in Gainesville Health Care Center, Inc. v. Weston, 857 So.2d 278 (Fla. 1st DCA 2003). Stokes, however, is the law of this district and has been followed by this court in at least one other case, 1501 SE 24th Road, LLC v. Estate of Palma Pasqualini, 953 So.2d 13, 2007 WL 529827 (Fla. 5th DCA Feb. 13, 2007). Additionally, Weston does not address the issue decided in Stokes.
Huntington contends that the severability clause in subsection X(A) of their Admissions Agreement allows this court to sever the language in the arbitration clause requiring that the arbitration be "administered by the American Health Lawyers Association" in order to eliminate the offending rule of the AHLA, thereby salvaging the balance of the arbitration agreement. Based on our analysis of the agreement, however, it appears clear that the arbitration agreement reflects an intent that the parties arbitrate specifically with the AHLA. See Stokes, 935 So.2d at 1243; cf. Alterra Healthcare Corp. v. Bryant, 937 So.2d 263, 270 (Fla. 4th DCA 2006). There is no basis to eliminate a single rule.[2]
Nor does it make sense for a court to remake Huntington's agreement to excise the offending provisions. Given the nature of the relationship between a nursing home and its patient, the courts ought to expect nursing homes to proffer form contracts that fully comply with Chapter 400, not to revise them when they are challenged to make them compliant. Otherwise, nursing homes have no incentive to proffer a fair form agreement.
We also agree with Fletcher that the manner of execution of the arbitration agreement by Fletcher precludes its enforcement. The Admissions Agreement, which contains the arbitration agreement, indicates that Fletcher did not sign the agreement in her capacity as her mother's representative. She signed the document only in the space after the provision: "If someone controls funds or assets that can be used to pay the resident's charges and wants to receive financial notices, that person should sign as agent."
Because the trial court erred in compelling arbitration,[3] we reverse and remand to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ORFINGER and LAWSON, JJ., concur.
NOTES
[1] We do not accept Huntington's interpretation of the meaning of AHLA Rule 6.06.
[2] We do not credit Huntington's argument that AHLA Rule 1.05 constitutes a separate severability clause for the AHLA rules.
[3] Another impediment to enforcement exists: the AHLA has amended its rules to provide:

[T]he Service will administer a `consumer health care liability claim' under the Rules on or after January 1, 2004 only if all of the parties have agreed in writing to arbitrate the claim after the injury has occurred and a copy of the agreement is received by the Services at the time the parties make a request for a list of arbitrators.
There is an exception if a court order requires the AHLA to administer an arbitration, but the appealed order contains no such requirement.