977 So.2d 612 (2008)
In re ESTATE of Loyette D. McKIBBIN, deceased.
Larry H. McKibbin, as Personal Representative of the Estate of Loyette D. McKibbin, Appellant,
v.
Alterra Health Care Corporation a/k/a Alterra Healthcare Corporation; Beth M. Guinn a/k/a Beth Marie Waters Guinn; Tammie Britt-Taylor a/k/a Tammi Britt-Taylor; Willard E. Tarbet a/k/a Will Tarbet; and Michelle Tersigni a/k/a Michelle Marie Tersigni; (as to Alterra Clare Bridge Cottage of Winter Haven a/k/a Clare Bridge of Winter "Haven), Appellees.
No. 2D06-5452.
District Court of Appeal of Florida, Second District.
January 18, 2008.
*613 Isaac R. Ruiz-Carus and Blair N, Mendes of Wilkes & McHugh, P.A., and Susan B. Morrison of Law Offices of Susan B. Morrison, P.A., Tampa, for Appellant.
Donna J. Fudge of Buckely & Fudge, P.A., St. Petersburg, and Connolly C. McArthur, Clearwater, for Appellees.
PER CURIAM.
Larry H. McKibbin, as personal representative of the Estate of Loyette D. McKibbin ("the Estate"), appeals the trial court's nonfinal order granting a motion to compel binding arbitration that was filed by the defendants below, Alterra Health Care Corporation and various individuals who worked for the corporation (collectively referred to as "Alterra"). We reverse and remand.
The Estate raises several issues in this appeal. We address only one of the issues it raises, however, because that issue dictates the outcome of this case as a matter of law. Alterra's motion to compel arbitration was granted based on a residency agreement that provided for Loyette McKibbin's care at Alterra's assisted living facility, Clare Bridge, and contained an arbitration agreement. The Estate correctly argues that it is not bound to arbitrate because Ms. McKibbin did not sign the residency agreement that contained the arbitration agreement and her son, who signed the residency agreement, did not have the authority to bind Ms. McKibbin to arbitrate.
In this appeal, the Estate asserts that at the time the residency agreement was executed, no proceeding had been commenced to declare Ms. McKibbin incapacitated and also that there was no evidence that Ms. McKibbin was mentally or physically incapacitated to make decisions for herself. Ms. McKibbin's son presented a durable power of attorney to Alterra to demonstrate that he had the legal authority to enter into the residency agreement on behalf of his mother. Nothing in that power of attorney, however, gave Ms. McKibbin's son the legal authority to enter into an arbitration agreement on behalf of his mother. See Kotsch v. Kotsch, 608 So.2d 879, 880 (Fla. 2d DCA 1992) (holding that powers of attorney are strictly construed to grant only the powers specified). Furthermore, there was no other basis upon which to bind Ms. McKibbin to the arbitration agreement. Hence, the Estate was not bound to arbitrate, and the trial court erred in granting Alterra's motion to compel binding arbitration. See id.; Regency Island Dunes, Inc. v. Foley & Assocs. Constr. Co., 697 So.2d 217, 218 (Fla. 4th DCA 1997) ("One who has not agreed, expressly or implicitly, to be bound by an arbitration agreement cannot be compelled to arbitrate."). Accordingly, we reverse the trial court's order granting the motion to compel binding arbitration.
Reversed and remanded for further proceedings.
FULMER, SALCINES, and WALLACE, JJ., Concur.