998 So.2d 1180 (2008)
FIVE POINTS HEALTH CARE, LTD., d/b/a Lakeside, Nursing and Rehabilitation Center, Appellant,
v.
Carlene MALLORY, as Next Friend of Alfreda Mallory, Appellee.
No. 1D08-3383.
District Court of Appeal of Florida, First District.
December 31, 2008.
V. James Facciolo of Hayden & Facciolo, P.A., Amelia Island, for Appellant.
William A. Dean of Ford, Dean & Mallard, P.A., Miami, for Appellee.
BARFIELD, J.
In this appeal, a nursing home challenges an order denying its motion to compel arbitration in a nursing home resident's rights lawsuit filed by Carlene Mallory, as next friend of her mother, Alfreda Mallory. We reverse.
The nursing home admission agreement which contained the arbitration clause was signed by Carlene Mallory under the durable power of attorney (POA) granted her by her mother. The "Durable Power of Attorney" signed by Alfreda Mallory a year before she was admitted to the nursing home stated, in part:
All acts done by my attorney-in-fact pursuant to this power shall bind me, my heirs, devisees and personal representatives; provided, however, that all such acts performed hereunder shall be for *1181 my benefit only and not for the benefit of my attorney-in-fact.
The POA listed seventeen paragraphs specifying the powers of the attorney-in-fact, one of which stated that the attorney-in-fact was authorized to: "Prosecute, defend and settle all actions or other legal proceeding touching my estate or any part of it or touching any matter in which I may be concerned in any way." The seventeenth paragraph authorized the attorney-in-fact to: "Do anything regarding my estate, property and affairs that I could do for myself."
The proper interpretation of the POA is a question of law subject to de novo review. See Alterra Healthcare Corp. v. Bryant, 937 So.2d 263, 268 (Fla. 4th DCA 2006), rev. denied, 956 So.2d 455 (Fla.2007). We find that the trial court's interpretation of the POA at issue is erroneous as a matter of law.
The trial court denied the nursing home's motion to compel arbitration, finding that the POA signed by Alfreda Mallory "does not contain any provision granting any power to enter into an arbitration agreement" and therefore that the arbitration clause of the admission agreement "may not be enforced against Alfreda Mallory." The order cited In re Estate of McKibbin, 977 So.2d 612 (Fla. 2d DCA), rev. denied, Alterra Health Care Corp. v. Estate of McKibbin, 987 So.2d 79 (Fla. 2008), and Fletcher v. Huntington Place Limited Partnership, 952 So.2d 1225 (Fla. 5th DCA 2007).[1]
We find neither of the cases cited by the trial court to be dispositive of the issue presented by this appeal. However, we find persuasive Jaylene, Inc. v. Moots, 995 So.2d 566 (Fla. 2d DCA 2008), in which the Second District Court of Appeal declined to follow its prior opinion in McKibbin, noting that "the opinion in McKibbin does not set forth the language of the power of attorney under review in that case" and "is not controlling here where the POA unambiguously makes a broad, general grant of authority to the attorney-in-fact." Id. at 570. In Jaylene, the court reversed an order denying a motion to compel arbitration in circumstances similar to the case at issue. It observed:
The POA does not contain any provision specifically granting the attorney-in-fact the power to consent to arbitration or to waive the decedent's right to a jury trial. Nevertheless, the grant of authority to the attorney-in-fact under the POA is extremely broad and unambiguous.
...
The POA unequivocally expresses the principal's intent to make a comprehensive grant of authority to the attorney-in-fact. We conclude that the grant of authority in the POA was broad enough to authorize the attorney-in-fact to consent to arbitrate claims arising out of the Agreement....
... Here, the power to consent to arbitrate the principal's claims was not one of the powers specifically listed in the extensive list of powers explicitly *1182 granted. Nevertheless, the POA also provided that `[t]he listing of specific powers is not intended to limit or restrict the general powers granted in this Power of Attorney in any manner'. (Emphasis added.) In light of this provision, Ms. Moots' argument that the absence of an express grant of authority to arbitrate in the POA compels a restrictive interpretation precluding the authority to consent to arbitration is unpersuasive.
Id. at 568-569. The court further found that the POA authorized the attorney-in-fact "to settle claims held by the principal," and observed:
... Not unlike agreeing to arbitrate, settling a claim typically involves foregoing the remedy of submitting a claim to a court for final adjudication. We are not prepared to state that a grant of the authority to settle claims includes the authority to consent to arbitration. However, the specific grant of authority to settle claims in the document under review in this case is consistent with the view that the POA's broad grant of authority includes the power to consent to arbitration.
Id. at 569.
We note that the trial court did not have the benefit of the opinion in Jaylene when it entered its order. Nevertheless, we find the reasoning in that opinion persuasive, and we find that the POA at issue is sufficiently similar to the POA at issue in that case to warrant application of that reasoning to the case at issue.
The order denying the motion to compel arbitration is REVERSED and the case is REMANDED for further proceedings.
DAVIS and HAWKES, JJ., concur.
NOTES
[1] In McKibbin, the court found that the nursing home resident was not bound by an arbitration clause in the nursing home agreement signed by her son. It found that the son had presented a durable power of attorney to demonstrate that he had the legal authority to enter into the nursing home agreement on behalf of his mother, but that "nothing in that power of attorney gave Ms. McKibbin's son the legal authority to enter into an arbitration agreement on behalf of his mother." The McKibbin opinion did not contain any of the language of the durable power of attorney involved therein.

In Fletcher, the court found that the arbitration clause of the nursing home admission agreement could not be enforced against the estate of the nursing home resident because "Fletcher did not sign the agreement in her capacity as her mother's representative."