DAVIS, Judge.
Angela I. Gessa, by and through Miriam G. Falatek, her attorney-in-fact, challenges the trial court’s order granting Manor Care of Florida, Inc.’s motion to compel arbitration in Gessa’s action against Manor Care for negligence, violation of resident’s rights, and breach of fiduciary duty. We affirm.
Gessa was admitted as a resident of Manor Care of Carrollwood on two occasions. Upon each admission, she or Fala-tek signed admissions documents that included an arbitration agreement. One document, entitled “Admission Agreement,” was a nine-page document to which Attachments A through I were appended. In addition, a form entitled “Attestation of Admission Agreement and Attachment” was executed. However, the crux of this appeal centers on the form that bears no specific title but is captioned with the following warning: “THIS AGREEMENT CONTAINS A WAIVER OF STATUTORY RIGHTS. PLEASE READ CAREFULLY.” This document was not designated as an attachment to the Admissions Agreement, nor does the attestation form include any reference to it.
The document is composed of two sections: A. Arbitration Provisions and B. Limitation of Liability Provision. The last paragraph of section A reads: “The Limitation of Liability Provision below is incorporated by reference into this Arbitration Agreement.” At the time of Gessa’s first admission, this document was signed by a representative of Manor Care and by Ges-sa. Falatek and a Manor Care representative signed it upon Gessa’s return to the facility.
During her second stay, Gessa filed suit against Manor Care under chapter 400, Florida Statutes (2004), the Nursing Home Residents Act (the Act). In her complaint, Gessa sought damages for the improper treatment she received at the facility. In response to the complaint, Manor Care moved to compel arbitration pursuant to the parties’ arbitration agreement. Gessa filed her memorandum in opposition to the motion, arguing that the arbitration agreement was both substantively and procedurally unconscionable. Additionally, Gessa argued that the arbitration agreement was unenforceable because it was contrary to public policy. These arguments were premised on the terms of the limitation of liability provision contained in section B of the document that the parties signed during the admissions process. That provision prohibited the award of punitive damages and capped any award of noneconomic damages at $250,000. Gessa argued that these limitations were contrary to the rights specifically granted by the Act, see §§ 400.023-.028, Fla. Stat. (2004), and that they invalidated the entire agreement to arbitrate. Gessa repeated these arguments at the hearing held on the motion to compel arbitration.
Following that hearing, the trial court ruled (1) that the agreement was not procedurally unconscionable and (2) that *681 because the “offensive clauses can be severed, as they are not integral to the contract and are separate from the arbitration provision,” the agreement was not substantively unconscionable. Having made these findings, the trial court granted the motion to compel arbitration. Gessa now appeals.
On appeal, Gessa does not challenge the trial court’s rejection of her argument that the agreement was unconscionable. Instead, she first argues that the trial court was correct in concluding that the limitation of liability provision was unenforceable as contrary to public policy. Gessa also argues that the trial court erred in severing the limitation of liability provision and enforcing the arbitration agreement.
Manor Care argues that the trial court did not decide the public policy issue and that we should affirm the trial court’s order granting its motion to compel arbitration.
Based on our review of the record before us, we conclude that the only argument that the trial court specifically addressed was whether the arbitration agreement was unconscionable. However, in determining that the agreement was not substantively unconscionable, the trial court found that “the offensive clauses can be severed.” The court went on to find that the potentially offending sections were not “an integral part of the contract and are separate from the arbitration provision.” Based on the context of the arguments made to the trial court, this portion of the trial court’s order is a reference to the limitation of liability provision. However, the trial court did not specifically determine that the limitation provision was void as contrary to public policy. Similarly, although the trial court determined that the provision “can be severed,” it did not actually sever it from the arbitration agreement. In fact, at the hearing on the motion, the trial court was careful not to reach any such conclusions, stating instead:
All right, let me dwell on it for a little bit. I mean, just from rambling, it’s not a ruling, just hot air, I’m pretty sure that the case law supports the severability of those provisions, and I’m comfortable that the Second isn’t contrary to the Fourth about the cap and the bar on punitive damages. It just hasn’t reached it, has it?
Although the trial court continued to discuss the issues with counsel, it never made a specific ruling at the hearing, agreeing only to look at the matter further. Additionally, the court’s written order is silent as to whether the limitations provision is void as a matter of law and whether the court was in fact severing that provision from the arbitration agreement.
Even though the trial court failed to specifically address the public policy issues, its factual finding that the limitations provision was not an integral part of the arbitration agreement supports its conclusion that the provision is severable. Gessa argues that the trial court’s factual finding is erroneous because there was no sever-ability clause contained in the arbitration agreement. We reject that argument. In addressing the issue of contract severance, the Florida Supreme Court has stated:
As to when an illegal portion of a bilateral contract may or may not be eliminated leaving the remainder of the contract in force and effect, the authorities hold generally that a contract should be treated as entire when, by a consideration of its terms, nature, and purpose, each and all of its parts appear to be interdependent and common to one another and to the consideration. Stated differently, a contract is indivisible where the entire fulfillment of the contract is contemplated by the parties as *682 the basis of the arrangement. On the other hand, a bilateral contract is sever-able where the illegal portion of the contract does not go to its essence, and where, with the illegal portion eliminated, there still remains of the contract valid legal promises on one side which are wholly supported by valid legal promises on the other.
Whether a contract is entire or divisible depends upon the intention of the parties. And this is a matter which may be determined by a fair construction of the terms and provisions of the contract itself, and by the subject matter to which it has reference.
Local No. 234 v. Henley & Beckwith, Inc., 66 So.2d 818, 821-22 (Fla.1953) (citations and internal quotation marks omitted); see also Wilderness Country Club P’ship v. Groves, 458 So.2d 769, 772 (Fla. 2d DCA 1984); Gold, Vann & White, P.A. v. Friedenstab, 881 So.2d 692 (Fla. 4th DCA 2002).
Here, the trial court reviewed the document that contained the arbitration agreement and limitation provision and determined that the limitation provision was not an integral part of the parties’ agreement to settle claims by arbitration. This factual finding is supported by competent evidence. Based on the test defined in Local No. 234, 66 So.2d at 821-22, we agree with the trial court that the limitation provision is severable, even though the contract lacks a specific severability clause. Although the inclusion of such a provision would expressly demonstrate the intent of the parties, pursuant to Local No. 234, the trial court is not bound by the inclusion or omission of such a clause when determining the issue of severability. Accordingly, the trial court, having found the limitations provision here to be severable, properly directed that the case proceed to arbitration. See Alterra Healthcare Corp. v. Bryant, 937 So.2d 263 (Fla. 4th DCA 2006).[1]
Affirmed.
WHATLEY and LaROSE, JJ., Concur.

. We note that the law is unsettled as to whether the trial court should first determine the provision to be contrary to public policy and unenforceable and then sever the provision before sending the issue to arbitration or whether, having determined that the provision is severable, the trial court should allow the arbitrator to determine, if necessary, whether the provision is enforceable. The resolution of this issue is not before us here, and our affirmance of the trial court’s order granting the motion to compel arbitration should not be read as a resolution of this very complicated issue. See generally Rollins, Inc. v. Lighthouse Bay Holdings, Ltd., 898 So.2d 86 (Fla. 2d DCA 2005) Bryant, 937 So.2d 263; SA-PG-Ocala, LLC. v. Stokes, 935 So.2d 1242 (Fla. 5th DCA 2006).