PER CURIAM.
As evidenced by the recent cases involving arbitration provisions in nursing home admission contracts, the industry appears to favor arbitration as a means of settling disputes with its clients. See ManorCare Health Servs., Inc. v. Stiehl, 22 So.3d 96, 104 n. 7 (Fla. 2d DCA 2009) (Altenbernd, J., concurring) (citing over thirty-five written opinions by Florida appellate courts addressing nursing home arbitration); Blankfeld v. Richmond Health Care, Inc., 902 So.2d 296, 307 n. 17 (Fla. 4th DCA 2005) (en banc) (Farmer, C.J., concurring) (citing nursing home arbitration cases from each of the other district courts of appeal in Florida). In many instances, nursing home residents or their agents agree to such provisions initially, but they later oppose the provisions when compelled to submit their particular claims to arbitration. This is one such case.
When Marguerite Steuer was admitted to Carrington Place Convalescent Center, the admission contract was executed on her behalf by Victoria Paradise pursuant to a durable power of attorney. The contract contained a provision requiring the *713 parties to submit disputes to binding arbitration “administered” by the National Health Lawyers Association (“NHLA,” now known as the American Health Lawyers Association). Later, Paradise filed suit on Steuer’s behalf, alleging negligence and violation of the residents’ rights enumerated in chapter 400, Florida Statutes (2001). Steuer later died, whereupon the complaint was amended to include wrongful death claims.
The nursing home moved to compel arbitration, and it now appeals the nonfinal order denying same. The circuit court ruled that Steuer’s durable power of attorney did not grant Paradise authority to agree to arbitration. The court also held that the arbitration agreement was void as against public policy because liability limitations contained in the NHLA rules prohibited remedies that otherwise are available to nursing home residents under chapter 400. We conclude that the durable power of attorney was sufficiently broad to confer upon Paradise authority to bind Steuer to the arbitration provision in the admissions contract. See Jaylene, Inc. v. Moots, 995 So.2d 566 (Fla. 2d DCA 2008), review denied, 8 So.3d 1134 (Fla.2009). Therefore, we disagree with the court’s first ground for denying the nursing home’s motion to compel arbitration.
Further, although we share the circuit court’s concern over the limits of liability, we also must disagree with its second reason for denying the motion. When concluding that the arbitration agreement was void as against public policy, the court rejected the nursing home’s argument that the arbitrator should decide this question in the first instance. The circuit court apparently failed to appreciate that this court has held consistently with the nursing home’s position. See Rollins, Inc. v. Lighthouse Bay Holdings, Ltd., 898 So.2d 86, 87 (Fla. 2d DCA 2005) (holding that arbitrator must, in the first instance, decide whether arbitration provision is unenforceable because some of its terms limit remedies). Rather, the circuit court focused on dicta in Bland ex rel. Coker v. Health Care & Retirement Corp. of America, 927 So.2d 252 (Fla. 2d DCA 2006), and further distinguished it by comparing the limitations at issue here with the limitations at issue in Bland and Blankfeld, 902 So.2d 296. But the court overlooked the legal holding in Rollins and erred by failing to apply it.
Bound by Rollins, we must reverse and remand for the circuit court to grant the nursing home’s motion to compel arbitration. We note that we are in conflict with decisions by the First, Fourth, and Fifth Districts holding that the trial court initially must determine whether an arbitration agreement’s limitation on statutory remedies renders the agreement unenforceable on public policy grounds. See, e.g., Alterra Healthcare Corp. v. Estate of Linton ex rel. Graham, 953 So.2d 574 (Fla. 1st DCA 2007); Alterra Healthcare Corp. v. Bryant, 937 So.2d 263 (Fla. 4th DCA 2006); SA-PG-Ocala, LLC v. Stokes, 935 So.2d 1242 (Fla. 5th DCA 2006).
Reversed and remanded.
DAVIS and VILLANTI, JJ., Concur.
NORTHCUTT, J., Concurs with opinion.