JACOBUS, J.
Joyce Perry o/b/o Elizabeth Perry (“Appellant”) appeals the non-final order granting a motion to compel binding arbitration and a stay of proceedings by Ap-pellee, Sovereign Healthcare Metro West, LLC, d/b/a Metro West Nursing Home and Rehab Center (“the Facility”). Appellant contends the lower court erred in: (1) granting the motion because no valid arbitration agreement existed between Elizabeth Perry and the Facility; and (2) finding Elizabeth Perry was a third-party beneficiary of the arbitration agreement. We agree with Appellant’s contentions and reverse.
Elizabeth Perry was a resident of the Facility from November 2004 through October 2009. At the time of Elizabeth Perry’s admission to the Facility, her daughter, Bertha L. Johnson, signed a residency agreement that contained an arbitration provision. In 2010, Joyce Perry, another daughter of Elizabeth Perry, filed suit on her behalf against Appellee, alleging, among other things, that the Facility deprived Elizabeth Perry of her nursing home rights. Appellee filed a motion to compel binding arbitration and to stay the proceedings based upon the contractual *147 terms of the residency agreement. Appellant contends there was no valid agreement because Johnson had no authority to sign the agreement on Elizabeth Perrry’s behalf. At the time of her admission to the nursing home facility, Elizabeth Perry was competent and her mental faculties were not impaired in any way. The trial court agreed with Appellee and found Elizabeth Perry was a third-party beneficiary to the residency agreement and that the arbitration agreement was enforceable.
On appeal, Appellant relies on In re Estate of McKibbin, 977 So.2d 612 (Fla. 2d DCA 2008), whereas Appellee relies on Alterra Healthcare Corp. v. Estate of Linton ex rel. Graham, 953 So.2d 574 (Fla. 1st DCA 2007). In Estate of McKibbin, the son of the resident signed a residency agreement, under a durable power of attorney on behalf of his mother. 977 So.2d at 613. The agreement contained an arbitration provision. Id. After the son filed suit against the healthcare facility, the facility filed a motion to compel arbitration. Id. The lower court granted that motion. Id. On appeal, the Second District found the power of attorney did not give the attorney-in-fact the power to enter into the arbitration agreement on the resident’s behalf. Id. As such, the court held the resident’s estate was not bound by the arbitration agreement. Id.
In Estate of Linton, Mrs. Linton’s son signed the residency agreement, which contained an arbitration provision, on her behalf. 953 So.2d at 576. Mrs. Linton suffered from advanced Alzheimer’s disease.[1] Id. Mrs. Linton’s estate sued the health care facility after she died while a resident at the facility. Id. The facility moved to compel arbitration pursuant to the terms of the residency agreement. Id. The estate maintained the agreement was unenforceable, in part, because Mrs. Linton’s son did not have the authority to sign the agreement on her behalf. Id. The trial court rejected this argument. Id. On appeal, the First District found Mrs. Linton was an intended third-party beneficiary to the contract and, therefore, the arbitration clause was enforceable. Id. at 579.
This case is much simpler than the cases relied on by the parties. Here, the residency agreement was between Elizabeth Perry and the Facility. However, on page one of the residency agreement, the space provided for the names of the resident and the responsible party are left blank. Further, while both the page containing the arbitration provision and the execution page of the agreement are signed by Johnson, neither are signed by Elizabeth Perry and her name does not appear in the agreement. Finally, although a part of the agreement provides that “[i]f an individual other than the Resident signs on behalf of the Resident,” the individual should “indicate the relationship to the resident and obtain copies of relevant documentation at the time of admission,” that portion of the agreement is left blank.[2]
It is apparent from the agreement that Johnson signed as the responsible party *148 who undertakes the obligation of a guarantor for payment on behalf of the resident. However, Elizabeth Perry did not sign the agreement nor did any other person sign on her behalf. As a result, no valid agreement existed between the Facility and Elizabeth Perry, and the arbitration agreement is not enforceable as to Elizabeth Perry.
Alternatively, we find that Estate of Linton is distinguishable from this case because, here, there is no evidence Elizabeth Perry was incapable of signing the agreement on her own behalf. Moreover, even if we found Johnson signed the agreement on Elizabeth Perry’s behalf, there is absolutely no evidence that she had the authority to bind Elizabeth Perry to the arbitration agreement. Thus, under these circumstances, it was error for the lower court to compel arbitration. See Carrington Place of St. Pete, LLC v. Estate of Milo ex rel. Brito, 19 So.3d 340, 341-42 (Fla. 2d DCA 2009) (finding motion to compel arbitration properly denied where child lacked authority to bind mother to arbitrate); Estate of McKibbin, 977 So.2d at 612.
For these reasons, the order granting binding arbitration and staying the proceedings is reversed and the matter is remanded to the trial court for further proceedings on the merits.
REVERSED and REMANDED.
SAWAYA and TORPY, JJ., concur.
[[Image here]]

. Based on this information, it appears Mrs. Linton was incompetent to contract on her own behalf.

. The relevant portion of the execution page of the agreement is included below: