PER CURIAM.
We have for review Jaylene, Inc. v. Steuer ex rel. Paradise, 22 So.3d 711, 713 (Fla. 2d DCA 2009), in which the Second District Court of Appeal held that the arbitrator (as opposed to the trial court) initially must determine whether an arbitration agreement’s limitation on statutory remedies renders the agreement unenforceable on public policy grounds. In so holding, the Second District noted that it was in conflict with other district court opinions holding the opposite. Id. (citing Alterra Healthcare Corp. v. Estate of Linton ex rel. Graham, 953 So.2d 574 (Fla. 1st DCA 2007); Alterra Healthcare Corp. v. Bryant, 937 So.2d 263 (Fla. 4th DCA 2006); and SA-PG-Ocala, LLC v. Stokes, 935 So.2d 1242 (Fla. 5th DCA 2006)). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
We stayed proceedings in this case pending our dispositions of Shotts v. OP Winter Haven, Inc., 86 So.3d 456 (Fla. 2011), and Gessa v. Manor Care of Florida, Inc., 86 So.3d 484 (Fla.2011), in which we held that the trial court (as opposed to the arbitrator) initially must make the subject determination. We accordingly issued an order directing respondents in the present case to show cause why we should not accept jurisdiction, summarily quash the Second District’s underlying Jaylene decision, and remand for reconsideration in light of our decisions in Shotts and Gessa. Respondents in turn filed a response con *1279 ceding that Shotts and Gessa control the disposition of this case.
We accordingly accept jurisdiction and grant the petition for review in the present case. The decision under review is quashed and this matter is remanded to the Second District for reconsideration upon application of this Court’s decisions in Shotts and Gessa.
It is so ordered.
PARIENTE, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
POLSTON, C.J. and LEWIS, J., concur in result only.